**Brenda Lee HERIGON, Appellant,**

v.

**John Randolph HERIGON, Respondent.**

**No. WD 62160.**

Missouri Court of Appeals, Western District.

Dec. 9, 2003.

Larry V. Swall, Liberty, MO, for appellant.

Quint Shafer, Weston, MO, for respondent.

Before LOWENSTEIN, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Brenda Lee Herigon appeals the order of the Circuit Court of Platte County preventing her from relocating with her minor children to Pennsylvania. The relocation was opposed by the children's father, the respondent, John Randolph Herigon.

The appellant raises two points on appeal. She claims that the trial court erred in preventing her from relocating with the minor children to Pennsylvania, in accordance with § 452.377,[1] for failure to show that the relocation was in the children's best interests, because: (1) "there is substantial evidence that the best interests of the children will be better served in Pennsylvania"; and (2) the court's ruling was against the weight of the evidence.

We affirm.

## Facts

The parties' marriage was dissolved in the Circuit Court of Platte County on May 21, 1992. In the dissolution, the parties were awarded joint legal custody of their two children: John Alexander Herigon, born January 19, 1987, and Julia Baker Herigon, born June 13, 1990, with primary physical custody awarded to the appellant. The respondent was awarded specific visitation with the children, which included alternating weekends, every Thursday, and alternating holidays.

The parties operated under the court-ordered parenting plan for approximately four years. However, starting in 1996, they began operating under an informal agreement. Under their agreement, the children spent weekdays with the appellant and weekends with the respondent.

On January 23, 2002, the respondent filed what he entitled "RESPONDENT'S MOTION TO MODIFY VISITATION, AND MOTION FOR ORDER DENYING PETITIONER'S RELOCATION, AND MOTION FOR ORDER PLACING MINOR CHILDREN IN THE CARE, CUSTODY, AND CONTROL OF RESPONDENT PENDENTE LITE, AND MOTION TO MODIFY AS TO CUSTODY IN THE EVENT OF PETITIONER'S RELOCATION." On February 20, 2002, the appellant filed an answer to the respondent's combined motions, and a "COUNTER MOTION TO MODIFY JUDGMENT OF DISSOLUTION OF MARRIAGE," in which she prayed, *inter alia*, that the court "grant [her] permission to relocate with the minor children, John and Julia Herigon, to the state of Pennsylvania."

The parties' motions were taken up and heard by the trial court on September 16, 2002, and again on September 25, 2002. On October 28, 2002, the trial court entered a "JUDGMENT OF MODIFICATION," in which it sustained, *inter alia*, the respondent's motion to prevent relocation.

This appeal followed.

## Standard of Review

Our review of the trial court's ruling with respect to a § 452.377 motion to prevent a proposed relocation is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Baxley v. Jarred*, 91 S.W.3d 192, 196 (Mo.App.2002). We will affirm the trial court's ruling if it is supported by substantial evidence, is not against the weight of the evidence, and does not erro-

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

neously declare or apply the law. *Id.* An appellate court should not set aside a judgment as being against the weight of the evidence, unless it firmly believes that the judgment is wrong as being clearly against the logic of the circumstances. *Bauer v. Bauer,* 97 S.W.3d 515, 518 (Mo.App.2002). In our review, we view the evidence and any reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment. *Dixon v. Dixon,* 62 S.W.3d 589, 592 (Mo.App.2001).

## I.

■ In Point I, the appellant claims that the trial court erred in preventing her from relocating with the minor children to Pennsylvania, in accordance with § 452.377, for failure to show that the relocation was in the children's best interests, because "there is substantial evidence that the best interests of the children will be better served in Pennsylvania." In preventing the appellant from relocating, the trial court expressly found that she had failed to carry her burden of demonstrating that the relocation was in the children's best interests. Even assuming, *arguendo,* that the appellant is correct in her assertion that there is substantial evidence in the record establishing that it would be in the children's best interests to allow her proposed relocation to Pennsylvania, for the reasons discussed, *infra,* that would not entitle her to the appellate relief she seeks.

■ Section 452.377 governs the "relocation of children" in this state. "Relocation" is defined as a "change in the principal residence of a child for a period of ninety days or more, but does not include a temporary absence from the principal residence." § 452.377.1. Section 452.377.2 requires a parent who desires to relocate to give written notice to the other parent of the proposed relocation. Section 452.377.2 mandates that the notice be:

in writing by certified mail, return receipt requested ... [and] shall include the following information:

(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

If there is actual notice of the proposed relocation, the failure to provide notice in writing by certified mail is not fatal to relocation. *Baxley,* 91 S.W.3d at 205. However, to satisfy fully the notice requirements of § 452.377.2, other than the requirement that the notice be in writing by certified mail, the actual notice must also include the informational requirements of that subsection. *Id.* at 202. The residence of the children may be relocated sixty days after the providing of the required notice, unless the non-relocating parent files a motion seeking an order to prevent the relocation within thirty days of the receipt of the notice. § 452.377.7.

At trial, before the presentation of any evidence, respondent's counsel raised the issue of whether the appellant had complied with the notice requirements of § 452.377.2 in that no written notice had ever been provided. It was not clear, procedurally, however, what relief he was requesting. He neither moved for judgment on the pleadings or for summary judgment on the issue of relocation for failure to comply with the notice requirements of § 452.377.2. He simply asserted that "I think this case is not yet ripe to proceed

upon." In any event, the trial court assumed that the appellant was moving for a continuance to allow the filing of the requisite notice, which motion the court denied. The question, however, arises as to whether the issue of relocation was actually before the trial court for disposition under § 452.377, if, in fact, a notice was not provided by the appellant as required by § 452.377.2.

The statutory scheme of § 452.377 does not envision that a parent desiring to relocate file a motion seeking permission of the circuit court to relocate. Rather, it provides a relocation procedure that is triggered by a notice of a proposed relocation from the parent seeking to relocate to the other parent. Once the notice of relocation is provided, the § 452.377 procedure then permits the filing by the non-relocating parent of a motion to prevent the relocation, within thirty days of receipt of the notice, otherwise the relocating parent is allowed to move sixty days after the receipt of the notice. § 452.377.7; *Baxley*, 91 S.W.3d at 204. Thus, the issue of whether to permit relocation only comes before the circuit court on a timely and proper motion to prevent relocation, not a motion to relocate. Hence, under § 452.377, without a proper notice, there is no need to file a motion to prevent relocation in that the relocation would not be permitted if effectuated. A parent is not allowed to relocate without first having complied with the requirements of § 452.377, either as to non-court-ordered or court-ordered relocation. *Baxley*, 91 S.W.3d at 199.

In the case at bar, it is undisputed that the appellant never sent a written notice by certified mail in conformity with § 452.377.2 notifying the respondent of her intent to relocate and providing the information required by § 452.377.2. However, the record does indicate that the respondent received actual notice of the proposed relocation, which triggered the filing of his motion seeking to prevent the relocation, which was followed by the appellant's answer and counter-motion seeking permission to relocate. While the record indicates that the respondent did receive actual notice of the proposed relocation, there is nothing in the record to suggest that the actual notice included all the information required by § 452.377.2. The appellant argued at trial that the respondent received all the information required in the notice by § 452.377.2 *after* the filing of his motion to prevent relocation such that there was no prejudice to the respondent in the appellant's failure to provide notice in technical compliance with § 452.377.2.

The exacting notice provisions of § 452.377.2 did not appear in the prior version of the statute. *Kell v. Kell*, 53 S.W.3d 203, 208 (Mo.App.2001). The change in the notice requirements was caused by the change in the way the present version of the statute operates to allow relocation. *Id.* Unlike the prior version of the statute, under the present version, non-court-ordered relocation is permitted even without the consent of the non-relocating parent, if the non-relocating parent fails to file a timely motion to prevent relocation. § 452.377.7; *Baxley*, 91 S.W.3d at 199–200; *Kell*, 53 S.W.3d at 208. Consent to relocate is implied by the non-relocating parent's failure to object. *Baxley*, 91 S.W.3d at 200. Obviously, in permitting non-court-ordered relocation without the express consent of the non-relocating parent, the legislature was concerned, *inter alia*, with insuring that the non-relocating parent not only have notice of the proposed relocation, but the details and particulars of the relocation, so that the non-relocating parent can make an informed decision as to whether to file a motion to prevent the relocation or consent to the relocation, either impli-

edly, by failing to file a timely motion, or expressly. In other words, the notice provisions are critical to a non-court-ordered relocation. Hence, the purposes of the notice provisions of § 452.377 are logically met where the non-relocating parent files a motion to prevent relocation and receives a full hearing on the issue of the proposed relocation prior to the actual relocation. Of course, had the relocation actually occurred prior to the appellant's having satisfied the requirements of § 452.377 with respect to non-court-ordered or court-ordered relocation, the appellant would have been subject to both contempt proceedings, pursuant to § 452.377.12, and to the assessment of reasonable expenses and attorney's fees incurred by the respondent, pursuant to § 452.377.5(3). In addition, her failure to provide the required notice could have been considered as a basis for modifying custody or visitation with the children. § 452.377.5(1).

In our case, once being advised in person that the appellant intended to relocate with the children to Pennsylvania, the respondent filed a motion to prevent the relocation, which was heard and sustained by the trial court. The record reflects that at the time of the hearing on the motion, all the information mandated for inclusion in the notice by § 452.377.2 was disclosed and considered. There is nothing to suggest that the respondent was in any way prejudiced in preparing for the hearing on his motion by the failure of the appellant to provide notice in strict compliance with § 452.377.2. *See Kell,* 53 S.W.3d at 209 (stating that "[f]ather has not demonstrated he was prejudiced or was unable to prepare for the relocation hearing," and, therefore, "the notice was sufficient under the facts in this case"). Thus, under the circumstances of this case, the failure of the appellant to give notice, as provided in § 452.377.2, did not automatically entitle the respondent to an order to prevent relocation. Rather, the trial court was called upon to decide the respondent's motion to prevent the appellant's proposed relocation, with the burden falling on the appellant at the hearing to show that the proposed relocation was being made in good faith and was in the best interests of the children, § 452.377.7, otherwise the respondent would prevail. Having resolved the issue of whether the issue of relocation was properly before the trial court, we now turn to the merits of the appellant's claim in this point.

■ In requesting appellate relief on the basis that the trial court erred in preventing her from relocating to Pennsylvania "because there is substantial evidence that the best interests of the children will be better served in Pennsylvania," the appellant misunderstands our standard of review. As stated, *supra,* under the *Murphy v. Carron* standard, we are to affirm the trial court's § 452.377 relocation ruling unless we find it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Baxley,* 91 S.W.3d at 196. Under that standard, the fact that a ruling contrary to the trial court's is supported by substantial evidence is of no consequence and does not entitle the appellant to appellate relief. *Dorman v. Dorman,* 91 S.W.3d 167, 169 (Mo.App.2002); *Dixon,* 62 S.W.3d at 594. As this court explained in *Dorman:*

> The *Murphy v. Carron* standard ... does not stand for the proposition that if 'substantial evidence' and the 'weight of the evidence' could support an alternative judgment the judgment must be reversed. Instead, only when the judgment rendered is not supported by 'substantial evidence' or is 'against the weight of the evidence' must the judgment be reversed.

91 S.W.3d at 169 (citations omitted).

Point denied.

## II.

■ In Point II, the appellant claims that the trial court erred in preventing her from relocating with the minor children to Pennsylvania, in accordance with § 452.377, for failure to show that the relocation was in the children's best interests, because the court's ruling was against the weight of the evidence. Specifically, she claims that the trial court's order preventing her from relocating as not being in the children's best interests was against the weight of the evidence in that:

[the children's] general life would improve as they would have a stay at home mother; they would benefit from an increased income into the home; appellant is motivated to provide a better life for her children; appellant is not trying to frustrate the visitation rights of the respondent; respondent opposes relocation because it makes visitation more difficult for him; and the appellant provides easy, adequate and abundant visitation for the respondent to see his children.

We disagree.

■ In its order preventing the appellant from relocating, the trial court concluded that "the relocation of the minor children ... is not in the best interests of said minor children," based on the court's finding that "the more stable environment for the minor children ... is in the State of Missouri." The trial court did not make a determination as to whether the appel-

lant's proposed relocation was made in good faith. However, inasmuch as the relocating parent has the burden of proving both that the proposed relocation is made in good faith and is in the children's best interests, § 452.377.9, if we find that the court's best interests finding was not against the weight of the evidence, we must affirm its order preventing the appellant from relocating. *Dorman*, 91 S.W.3d at 174.

In support of her claim in this point, the appellant, although not in name, relies on the four-part test found in *Michel v. Michel*, 834 S.W.2d 773, 777 (Mo.App.1992), citing *Sadler v. Favro*, 23 S.W.3d 253, 258 (Mo.App.2000); *Boling v. Dixon*, 29 S.W.3d 385, 387 (Mo.App.2000); and *Seaman v. Seaman*, 41 S.W.3d 889, 896 (Mo. App.2001). In *Sadler*, this court, although recognizing that § 452.377.9 expressly provided that the relocating parent had the burden of proving that the proposed relocation was made in good faith and was in the children's best interests, nonetheless held that the four factors of the *Michel* test were "important to determining the propriety of the relocation." *Sadler*, 23 S.W.3d at 258. *Boling* relied, in part, on *Sadler*, *Boling*, 29 S.W.3d at 388, and *Seaman* relied, in part, on *Boling*, *Seaman*, 41 S.W.3d at 894, for the same proposition. In *Stowe v. Spence*, the Missouri Supreme Court held that "*Michel's* four-part test is inconsistent with these statutory requirements and shall not be used in determining the child's best interests." 41 S.W.3d 468, 469 (Mo. *banc* 2001).[2] Thus, the appellant,

---

2. In *Abernathy v. Meier*, 45 S.W.3d 917 (Mo. App.2001), the court explained the differences between the *Michel* test and the relocation test set forth in the present version of § 452.377:

There are three essential differences between the standard announced in sections 9 and 10 of § 452.377 and the four-part *Michel* test. First, unlike the *Michel* test, sec-

tion 9 makes no reference to the custodial parent's welfare. Rather than looking to the "general quality of life for the custodial parent and child," section 9 requires the court to determine only that the relocation is in the best interests of the child. This, presumably, is to be done in accordance with the factors laid out in § 452.375.2. Second, section 9 drops the requirement

in relying on legal authority that has been overruled by our Supreme Court, fails to cite any controlling legal authority for her argument, which would be a sufficient basis for us to deny her point, as it was her obligation to cite appropriate and available precedent. *In Re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo.App.1999). The appellate court cannot become an advocate for the appellant by researching and providing the legal basis for her argument in support of her claim of error. In any event, an *ex gratia* review reveals that the trial court's order preventing the appellant from relocating with the minor children, for failure to show that the relocation was in the children's best interests, was not against the weight of the evidence.

In determining whether a proposed relocation is in the children's best interests, the trial court, as required by § 452.377.9, looks to the best interests factors set forth in § 452.375.2. *Dorman,* 91 S.W.3d at 172. Those factors are:

(1) The wishes of the child[ren]'s parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child[ren] for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child[ren];

(3) The interaction and interrelationship of the child[ren] with parents, siblings, and any other person who may significantly affect the child[ren]'s best interests;

(4) Which parent is more likely to allow the child[ren] frequent, continuing and meaningful contact with the other parent;

(5) The child[ren]'s adjustment to the child[ren]'s home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interests of the child[ren], then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child[ren] and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child[ren]; and

(8) The wishes of child[ren] as to the child[ren]'s custodian.

§ 452.375.2. In sustaining the respondent's motion to prevent the appellant's proposed relocation, the trial court did not set out the factors it relied upon in finding that the relocation would not be in the children's best interests, nor was it required

that the non-relocating parent show good faith in opposing the move and simply requires the relocating parent to shoulder the burden of establishing good faith in proposing the move. Third, section 10 of § 452.377 expands on the fourth part of the *Michel* test. *Michel* required the court to determine whether there was a "realistic opportunity for visitation" that would "provide an adequate basis for preserving and fostering the non-custodial parent's relationship with the child...." Section 10 requires the court not only "to assure that the child has frequent, continuing and meaningful contact" with the noncustodial parent, but also requires the court to allocate the transportation costs and adjust the child support accordingly.

*Id.* at 923–24 (citations omitted).

to. *Weaver v. Kelling,* 18 S.W.3d 525, 528 (Mo.App.2000). In preventing the relocation, the court simply found that "the more stable environment for the minor children . . . is in the State of Missouri." Where the trial court is silent as to the factors it considered in finding that the proposed relocation would not be in the children's best interest, the court is presumed to have considered all the evidence and made its ruling based on consideration of the relevant statutory factors, unless the record indicates otherwise. *Id.* Applying the best interests factors of § 452.375.2 to the facts of our case, we find that the trial court's best interests determination was not against the weight of the evidence.

The evidence in this case demonstrated that at the time the respondent had custody of the children every weekend and was actively involved in their day-to-day lives. Given the distance involved, if the relocation were permitted, that would have to change. The evidence was also that the children did not want to move and were well adjusted and attached to their home, schools, and community. To uproot them, would be highly disruptive, given their ages, 16 and 13. In light of the record, we cannot say that the trial court's ruling, that the proposed relocation was not in the children's best interests, was against the weight of the evidence.

Point denied.

## Conclusion

The trial court's order of October 28, 2002, preventing the appellant from relocating to Pennsylvania, is affirmed.

LOWENSTEIN, P.J., and SMART, J., concur.