In re The Matter of Alexous Mikayla **WRIGHT, by and through her Next Friend, Jessica (Hughes) McBATH, and Jessica (Hughes) McBath, Individually, Appellants,**

v.

**Michael Adam WRIGHT, Respondent.**

No. WD 62155.

Missouri Court of Appeals, Western District.

March 30, 2004.

Michael W. Walker, Kansas City, MO, for appellants.

John K. Allinder, Independence, MO, for respondent.

Before BRECKENRIDGE, P.J., and SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Jessica McBath (Appellant) and Adam Wright (Respondent) shared joint legal custody of their minor child pursuant to a paternity judgment. Appellant had primary physical custody of the child, and Respondent had specific visitation rights. In July of 2001, Appellant moved with the child from Kansas City, Missouri, to South Carolina, so Respondent sought a contempt order against Appellant and moved to modify custody. The trial court subsequently entered judgment in which it modified the paternity judgment by granting the parties joint physical custody of the child and found Appellant in contempt for failure to follow the relocation notice requirements in section 452.377.[1]

In her appeal from that judgment, Appellant brings six points. She claims that the trial court erred: (1) in failing to allow her to relocate to South Carolina with their child, because pursuant to section 452.377 she had an absolute right to relocate; (2) in ordering a change in primary physical custody of the child; (3) in applying section 452.375 to find that custody must be modified because the proper standard for modification is found in section 452.410; (4) in ruling she failed to prove that her request to relocate with the child was made in good faith; (5) in ruling that modification of custody was in the child's best interests on the sole basis that Appellant relocated without giving the notice required by section 452.377, because she gave Respondent actual notice of the intended relocation; and (6) in holding Appellant in contempt of court for failure to comply with the notice requirements of

---

1. Statutory references are to RSMo 2000.

section 452.377 because she gave prior actual notice of the intended relocation, which is all that was required.

For the following reasons, we affirm the trial court's judgment.

## Standard of Review

■■■ Upon review of this custody modification proceeding, we will affirm the court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re McIntire,* 33 S.W.3d 565, 568 (Mo.App. W.D.2000) (citing *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976)). In reviewing Appellant's claims on appeal, we consider the evidence and reasonable inferences arising therefrom in a light most favorable to the trial court's judgment. *Id.* Because the trial court is in a better position to assess credibility and resolve disputes in conflicting evidence, we defer to the trial court's assessment and resolution of such matters, keeping in mind that we operate under the presumption that the trial court reviewed all evidence and based its decision on the child's best interests. *Id.* In fact, " '[t]he trial court's determination in child custody proceedings is given greater deference than in any other type of case.' " *Id.* (quoting *Brandow v. Brandow,* 18 S.W.3d 584, 587 (Mo.App. W.D.2000)).

## Background

We begin with a brief procedural background leading to this appeal. We provide more detailed facts where necessary in our discussion of Appellant's points on appeal.

On May 7, 1998, Appellant and Respondent had a daughter whom they named Alexous Mikayla Wright. On December 22, 1999, a family court commissioner made findings and recommendations, which, pursuant to section 487.030, were adopted by the Circuit Court of Jackson County in the "Judgment of Paternity, Custody, Visitation, and Support." The judgment declared Respondent to be the natural father of Alexous; it awarded joint legal custody of Alexous to the parties and primary physical custody to Appellant. The judgment also granted Respondent specific visitation on alternating weekends, Wednesday evenings, alternating holidays, and three weeks in the summer, and ordered Respondent to pay child support of $391 per month. This judgment included the information concerning notice requirements of any proposed relocation as required in section 452.377.11.

The parties abided by the judgment, amicably agreeing to periodic deviations in visitation when necessary, until early July of 2001, when Appellant relocated with Alexous to South Carolina to be with the father of the baby she was then carrying, whom she had met only a few months before. Despite her admitted awareness of the paternity judgment's provisions governing notice of proposed relocation that she was required to give Respondent in accordance with section 452.377, Appellant merely gave Respondent a note with her new phone number and address and moved with Alexous a few days later.

On July 27, 2001, Respondent filed an "Application for Show Cause Order and Contempt Citation/Motion to Modify Judgment of Paternity, Custody, Visitation & Support," in which he requested the court order Appellant to show cause why she should not be held in contempt for relocating with Alexous without complying with the paternity judgment and section 452.377. Respondent also requested that the court modify the paternity judgment by placing the primary physical custody of Alexous with him. On August 16, 2001, the court issued a Show Cause Order, in which it ordered Appellant to appear in court on November 1, 2001.

Appellant was served with the pleadings on September 12, 2001. On October 1, 2001, Appellant filed her "Answer, Counter Motion to Modify and Motion for Contempt," the contents of which included a "Motion for Court Order Permitting Relocation of the Minor Child." The court granted Appellant's motion to continue the Order to Show Cause and continued the matter to December 4, 2001, for a case management conference. Respondent subsequently filed his "Answer to Cross Motion of Respondent," in which he responded to Appellant's motion to relocate and her counter-motion to modify the previous judgment with respect to visitation and child support.

The matter was set for trial on March 5, 2002. In January, Appellant moved to continue the trial date based upon her high-risk pregnancy and her doctor's recommendation that she not travel. The court sustained the motion. Nevertheless, Appellant traveled to Independence, Missouri, during the first week of April 2002 for a baby shower.

On October 11, 2002, the commissioner finally conducted a hearing on the parties' motions, and, a week later, it made findings and recommendations, which were adopted by the circuit court in its judgment.[2] In summary, the court found, among other things, that Appellant failed to give notice of relocation as required by the paternity judgment and section 452.377. The court considered her relocation without proper notice in violation of section 452.377 and the paternity order to be a change of circumstance justifying

modification of custody and further found Appellant in contempt. Specifically, the court modified the paternity judgment by granting the parties joint legal and physical custody[3] of Alexous and ordering parenting time in accordance with the court's own parenting plan. As for the contempt finding, the court ordered Appellant to pay Respondent's attorney's fees in the amount of $750. This appeal follows.

## Section 452.377: Relocation

Section 452.377 governs the relocation of the residence of a child, or any party entitled to custody or visitation of the child; it provides in relevant part:

1. For purposes of this section and section 452.375, "relocate" or "relocation" means a change in the principal residence of a child for a period of ninety days or more, but does not include a temporary absence from the principal residence.

2. Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, written notice shall be provided at least sixty days in advance of the proposed relocation. The notice of the proposed relocation shall include the following information:

(1) The intended new residence, including the specific address and mailing

---

2. The same family court commissioner in the paternity proceedings presided over the contempt and custody modification proceedings. The trial court adopted and confirmed the commissioner's findings and recommendations on October 17, 2002. *See* § 487.030.

3. Respondent states in his brief that the court modified the judgment by awarding him primary physical custody, but the judgment states, "[t]he parties are granted the joint legal and physical custody of the minor child, Alexous." *See* §§ 452.375.1(3) and 452.375.5(1).

address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

3. A party required to give notice of a proposed relocation pursuant to subsection 2 of this section has a continuing duty to provide a change in or addition to the information required by this section as soon as such information becomes known.

\* \* \*

5. The court shall consider a failure to provide notice of a proposed relocation of a child as:

(1) A factor in determining whether custody and visitation should be modified;

(2) A basis for ordering the return of the child if the relocation occurs without notice; and

(3) Sufficient cause to order the party seeking to relocate the child to pay reasonable expenses and attorneys fees incurred by the party objecting to the relocation.

\* \* \*

7. The residence of the child may be relocated sixty days after providing notice, as required by this section, unless a parent files a motion seeking an order to prevent the relocation within thirty days after receipt of such notice. Such motion shall be accompanied by an affidavit setting forth the specific factual basis supporting a prohibition of the relocation. The person seeking relocation shall file a response to the motion within fourteen days, unless extended by the court for good cause, and include a counter-affidavit setting forth the facts in support of the relocation as well as a proposed revised parenting plan for the child.

\* \* \*

9. The party seeking to relocate shall have the burden of proving that the proposed relocation is made in good faith and is in the best interest of the child.

\* \* \*

12. Violation of the provisions of this section or a court order under this section may be deemed a change of circumstance under section 452.410, allowing the court to modify the prior custody decree. In addition, the court may utilize any and all powers relating to contempt conferred on it by law or rule of the Missouri supreme court.

\* \* \*

## Point I

In her first point on appeal, Appellant claims the trial court erred in not allowing her to relocate with Alexous to South Carolina because "pursuant to [section] 452.377 Appellant had an absolute legal right to relocate without the express consent of the respondent or court order, once thirty days passed from date of notice without an action being filed to prevent the relocation."

In support of her first point on appeal, Appellant cites *Baxley v. Jarred*, 91 S.W.3d 192 (Mo.App. W.D.2002), which this court recently discussed at length in *Heslop v. Sanderson*, 123 S.W.3d 214 (Mo. App. W.D.2003). As explained in *Heslop*:

The *Baxley* court recognized that [section 452.377] authorizes two separate modes or tracks for permitting a parent

to relocate with a child: (1) non-court-ordered relocation where the non-relocating parent does not object to relocation in a timely fashion, as provided in § 452.377.7, [after having received notice from the relocating parent in accordance with section 452.377.2], and (2) court-ordered relocation where the non-relocating parent does object to relocation in a timely fashion. 91 S.W.3d at 199. Where the non-relocating parent waives any objection to relocation by failing to file a timely motion objecting to the relocation, the relocating parent has an absolute right to relocate with the parties' minor child, without the permission of either the court or the non-relocating parent. *Id.* at 204–06.

*Id.* at 219.

Appellant claims the first mode or track is applicable to her situation. She argues that on June 13, 2001, she gave Respondent actual notice of her intent to relocate to South Carolina with Alexous.[4] Because Respondent, as the non-relocating parent, did not file his motion objecting to her relocation until July 27, 2001, which was more than thirty days after the first "notice," he did not timely object under section 452.377.7. Thus, she claims "the court's order preventing [her] from relocating was void ab initio," and she had an absolute right to relocate with Alexous to South Carolina.

In its judgment, the court made the following findings with regard to the first "notice":

[Appellant] was living with someone when she became involved with James McBath in May, 2001. He is in the United States Air Force, and was stationed in Charleston, South Carolina. They started dating when he came up here on leave in mid-May, 2001, and he

returned to South Carolina. [Appellant] testified she went there the last week in June, 2001 to check out what she would need when she moved there. By this time, she was also pregnant with McBath's child. She asked Respondent to care for [Alexous] during the week that she went to South Carolina. She said that Respondent resented doing it; Respondent testified that he didn't resent doing it, but that there wasn't enough notice to make proper arrangements for day care. It was about that time that [Appellant] mentioned that she *might* be moving to South Carolina. According to Respondent, it was not a final decision, but that she was *thinking about it.* She said it was *a possibility.* He asked her not to move.

(Emphasis added.) The court later found in its judgment that Appellant "telling Respondent she was *considering* moving in mid-June prior to moving less than three weeks later [was] not proper notice." (Emphasis added.)

Appellant's first point hinges on the propriety of the first "notice." If the June 13, 2001, oral notice was in accordance with section 452.377.2, then Appellant is correct: she had an absolute right to relocate without permission of the court or Respondent when Respondent did not file a timely motion objecting to the relocation within thirty days. If the notice was not proper, then she cannot rely upon it to justify the relocation without permission from Respondent or the court.

The trial court found that in June of 2001, Appellant did not give notice to relocate in accordance with section 452.377.2, which notice provisions were a part of the paternity judgment and of which Appellant testified she was aware. Specifically, the

4. As explained later in this opinion, the Appellant also claims to have given Respondent notice in July of 2001. Accordingly, we refer to the June 13 notice as the "first notice."

court held that the oral notice she claimed to have given Respondent in June was conditional, and, therefore, it did not trigger any requirement on Respondent's behalf to file a motion seeking an order to prevent relocation with the court under section 452.377.7. *See Herigon v. Herigon,* 121 S.W.3d 562, 566 (Mo.App. W.D. 2003) (explaining that "under § 452.377, without a proper notice, there is no need to file a motion to prevent relocation in that the relocation would not be permitted if effectuated"). For this court to accept Appellant's argument and find the first "notice" proper, we would have to disregard our standard of review. Viewing the evidence in a light most favorable to the trial court's judgment, as we must, we conclude that the trial court's finding concerning the first notice is supported by substantial evidence, is not against the weight of the evidence, and did not result from an erroneous declaration or misapplication of the law.

Moreover, the facts surrounding the first notice, which Appellant seeks to legitimize as actual notice sufficient to allow relocation, are entirely distinguishable from those in *Baxley.* In *Baxley,* this court found that because the mother's letter notifying the father of the intended relocation addressed all of the requirements of section 452.377.2 and father had received the letter, the mother's failure to send the notice letter via certified mail was not dispositive. 91 S.W.3d at 205. Here, not only was Appellant's first "notice" conditional in that she only spoke to Respondent of the possibility that she might be moving, but, even if it had been definite, Appellant's first "notice" does not begin to approach substantial compliance with the notice requirements of section 452.377.2. The deficiencies of the first notice are dispositive. She did not have an absolute right to relocate with Alexous after telling Respondent that she "might be moving" to South Carolina. Because there was no effective actual notice, we need not consider Appellant's remaining argument that, pursuant to section 452.377.2, exigent circumstances justified her relocation with Alexous less than sixty days after she gave the first notice.

Point I is denied.

## Point II

In her second point on appeal, Appellant claims the trial court erroneously applied the law in modifying custody "in that the only evidence of a change in circumstances was the relocation to South Carolina; Appellant gave Respondent notice of her intent to relocate; and Section 452.377.5 serves as a basis for a change in custody only if no notice is given."

Pursuant to the paternity judgment, prior to relocating to South Carolina, Appellant had primary physical custody of Alexous. In the current action filed by Respondent after Appellant relocated to South Carolina with Alexous, the trial court modified custody by awarding the parties joint physical custody, with Respondent's address designated as Alexous's for educational and mailing purposes.

Section 452.410.1 governs custody modification, providing in relevant part:

> [T]he court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

Section 452.377.5 provides:

> The court shall consider a failure to provide notice of a proposed relocation of a child as:

(1) A factor in determining whether custody and visitation should be modified;

(2) A basis for ordering the return of the child if the relocation occurs without notice; and

(3) Sufficient cause to order the party seeking to relocate the child to pay reasonable expenses and attorneys fees incurred by the party objecting to the relocation.

Section 452.377.12 also provides that "[v]iolation of the provisions of this section or a court order under this section may be deemed a change of circumstance under section 452.410, allowing the court to modify the prior custody decree...."

This point, too, is dependent upon whether Appellant provided notice of the proposed relocation in accordance with section 452.377. Appellant continues to maintain she gave actual notice, which is all that is required. She claims "the only provision of section 452.377 that would serve as the basis of a modification of custody is failure to give *any* notice (or violation of a court order denying relocation)." (Emphasis added.) Because she gave Respondent actual notice both orally on June 13, 2001, and written on July 1 (Appellant's testimony) or July 3, 2001 (Respondent's testimony), she argues that "the only options open to the court, if the motion objecting to relocation were timely filed, based on the facts of this case, were to permit relocation or to deny relocation."

We disagree. "A parent is not allowed to relocate without first having complied with the requirements of § 452.377, either as to non-court-ordered or court-ordered relocation." *Herigon,* 121 S.W.3d at 566 (citing *Baxley,* 91 S.W.3d at 199). As discussed in Point I, Appellant's first notice was merely conditional and certainly did not comply with section 452.377. As for the second notice given on or about July 3,

2001, the trial court found in its judgment that this notice was only "a note with her address and telephone number. That is all the note consisted of." As set forth above, section 452.377.2 requires a notice of relocation to include:

(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

Appellant's written notice satisfied only the first two requirements. She did not indicate to Respondent when or why she planned to move, nor did she make any proposals for revising their previous visitation schedule. Thus, the second notice lacked any semblance of "substantial" compliance with the statute.

We need not fully discuss the cases cited by Appellant in support of her argument (such as *Baxley* ) because those cases are readily distinguishable on the facts. The principles cited therein regarding actual notice or substantial compliance with the notice provisions of section 452.377 were invoked in cases where the relocation had not yet occurred; there was a lack of prejudice when, based on the actual notice, the non-relocating parent knew of the *proposed* relocation and was able to properly contest the issue and be fully heard *before* the relocation occurred. That is not what we have here.

Rather, this is just the type of case this court recently contemplated in *Herigon.*

In *Herigon,* "the record ... indicate[d] that ... [w]hile the respondent did receive actual notice of the proposed relocation, there [was] nothing in the record to suggest that the actual notice included all the information required by § 452.377.2." 121 S.W.3d at 566. After considering the statutory amendments to the notice requirements in section 452.377, we concluded:

> Obviously, in permitting non-court-ordered relocation without the express consent of the non-relocating parent, the legislature was concerned, *inter alia,* with insuring that the non-relocating parent not only have notice of the proposed relocation, but the details and particulars of the relocation, so that the non-relocating parent can make an informed decision as to whether to file a motion to prevent the relocation or consent to the relocation, either impliedly, by failing to file a timely motion, or expressly. In other words, the notice provisions are critical to a non-court-ordered relocation. Hence, the purposes of the notice provisions of § 452.377 are logically met where the non-relocating parent files a motion to prevent relocation and receives a full hearing on the issue of the proposed relocation *prior to the actual relocation.*

*Id.* at 566–67 (emphasis added). In the case now before us, Appellant relocated with Alexous only a few days after giving Respondent the note containing only her phone number and address in South Carolina. The purposes of notice under section 452.377 were not "logically met" as they were in *Herigon.* Respondent did not receive a full hearing on the issue of the proposed relocation prior to Appellant's actual relocation to South Carolina with Alexous just a few days after he received her note, so a lack of prejudice will not operate to "save" Appellant's failure to satisfy the requirements of section 452.377. Instead, the facts of this case are strikingly similar to the situation distinguished in *Herigon* as follows:

> Of course, had the relocation actually occurred prior to the appellant's having satisfied the requirements of § 452.377 with respect to non-court-ordered or court-ordered relocation, the appellant would have been subject to both contempt proceedings, pursuant to § 452.377.12, and to the assessment of reasonable expenses and attorney's fees incurred by the respondent, pursuant to § 452.377.5(3). In addition, her failure to provide the required notice could have been considered as a basis for modifying custody or visitation with the children. § 452.377.5(1).

*Id.* at 567. Appellant relocated with Alexous prior to giving Respondent notice of the proposed relocation in accordance with section 452.377. Thus, the trial court could properly consider her failure to provide the required notice as a basis for modifying custody of Alexous.

Point II is denied.

## Point III

■ In her third point on appeal, Appellant claims only that "the trial court erred in finding that pursuant to § 452.375 RSMo., custody must be modified because the court erroneously declared and applied the law, in that this is a modification proceeding and, therefore, the proper standard to be used is found in § 452.410, RSMo."

Section 452.410.1 requires that in order to modify custody, a court must find "upon the basis of facts that have arisen since the prior decree ... [first,] that a change has occurred in the circumstances of the child or his custodian and [second,] that the modification is necessary to serve the best interests of the child." *See Love v. Love,* 75 S.W.3d 747, 762 (Mo.App. W.D.2002)

(which considers the court's "two-fold" determination in modifying custody under section 452.410.1). This is precisely what the trial court found in this case. First, after setting forth numerous findings, the court found that since the paternity judgment there had been "a change in conditions and circumstances of the minor child and the custodial parent." Accordingly, the court went on to determine whether it was in Alexous's best interests that the custody and support provisions of the paternity judgment be modified. In doing so, the court explicitly considered and made findings on all relevant factors pursuant to Section 452.375.2. *Id.* at 762–63. After so considering the statutory best-interest factors, the court "[found] it to be in [Alexous]'s best interests that the parties be granted joint legal and physical custody of [Alexous], with Respondent's address designated as [Alexous]'s for educational and mailing purposes."

The court applied the correct standard in modifying custody. In the argument portion of her brief, Appellant primarily raises allegations of error concerning the trial court's specific findings on the relevant factors under section 452.375.2. However, we need not address these arguments as they were not raised in the point relied on, which is concerned only with the proper standard for modifying custody, not the actual application of the standard. Rule 84.04(e); *Aurich v. Aurich,* 110 S.W.3d 907, 917 n. 5 (Mo.App. W.D.2003). Even if we were to review her arguments on the merits, they relate primarily to the trial court's credibility assessments and resolution of disputes in conflicting evidence. As explained above, our standard of review dictates that we defer to the trial court's assessment and resolution of such matters.

Point III is denied.

## Point IV

Appellant claims in her fourth point on appeal that the court erred "in ruling that Appellant had failed to prove that the relocation of the child was made in good faith because the court erroneously applied the law, in that the only evidence adduced was that the stated reason for the relocation was the actual reason for the relocation."

Section 452.377.9 provides that "[t]he party seeking to relocate shall have the burden of proving that the *proposed* relocation is made in good faith and is in the best interest of the child." (Emphasis added.) In this case, the trial court found:

[Appellant] has failed to prove that the relocation of the child was made in good faith. [She] did not comply with the requirements of Section 452.377 RSMo., regarding notice; giving Respondent a note with her address and telephone number does not comply with the notice requirements. Additionally, telling Respondent she was considering moving in mid-June prior to moving less than three weeks later is not proper notice either. [Appellant] testified she wanted to leave because she wanted to be with Mr. McBath. They were not married, and they didn't get married until after she was served with the motion to modify, two and one half months later.

She also told Respondent she intended to return at the end of the year. Yet, within days of being served, [Appellant's] husband re-enlisted for another six years. [She] also testified that they could be posted anywhere, including overseas.

In our discussion of Appellant's first three points on appeal, we have already affirmed the trial court's findings concerning Appellant's failure to give Respondent the notice required by section 452.377.2 prior to relocating and the propriety of the

trial court's consideration of her failure in modifying custody. This was not a case of "proposed" or "permissive" relocation. Rather, this is a case where Appellant relocated with Alexous without complying with the requirements of the paternity order and provisions of section 452.377, of which Appellant was admittedly aware. As a result, Respondent sought a modification of custody and a contempt order, which the trial court granted. Whether Appellant acted in good faith in relocating to South Carolina is a non-issue. Even if she was acting in good faith, which we do not consider, her failure to comply with the notice requirements justified the trial court's modification of custody and finding of contempt.

Point IV is denied.

### Points V and VI

Appellant's remaining two points on appeal are substantially similar to her first two points. In Point V, she claims that the trial court erred in ruling it was in Alexous's best interests that custody be modified "based solely on the fact that Appellant relocated without giving the notice required by § 452.377." In Point VI, she claims that the trial court erred in holding her in contempt of court based on her failure to comply with the statutory notice requirements of § 452.377. She asserts both rulings resulted from the trial court's erroneous declaration or misapplication of the law "in that [Appellant] gave prior actual notice of the intended relocation; and because actual notice is all that is required."

We have already explained in our discussion of Appellant's points above why the "actual notices" Appellant relies on in this case are insufficient and why this case is distinguishable from those cases that found a lack of prejudice from the non-relocating parent's failure to receive notice substantially meeting the technical requirements of section 452.377. Section 452.377.5 requires:

> The court shall consider a failure to provide notice of a proposed relocation of a child as:
>
> (1) A factor in determining whether custody and visitation should be modified;
>
> (2) A basis for ordering the return of the child if the relocation occurs without notice; and
>
> (3) Sufficient cause to order the party seeking to relocate the child to pay reasonable expenses and attorneys fees incurred by the party objecting to the relocation.

Section 452.377.12 also provides:

> Violation of the provisions of this section or a court order under this section may be deemed a change of circumstance under section 452.410, allowing the court to modify the prior custody decree. In addition, the court may utilize any and all powers relating to contempt conferred on it by law or rule of the Missouri supreme court.

The court properly declared and applied section 452.377. Points V and VI are denied.

### Conclusion

For the foregoing reasons, we affirm the judgment.

BRECKENRIDGE, P.J., and SMITH, J., concur.