**Carolyn Jeanette (Dunham) JOHNSTON, Appellant,**

v.

**John Arthur DUNHAM, Jr., Respondent.**

**No. WD 64479.**

Missouri Court of Appeals, Western District.

Aug. 2, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2005.

Jeffrey L. Dull, Clinton, MO, for Appellant.

James O. Kjar, Warsaw, MO, for Respondent.

Before VICTOR C. HOWARD, P.J., JAMES M. SMART, JR., and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

## I. FACTUAL AND PROCEDURAL OVERVIEW

Ms. Carolyn (Dunham) Johnston and Mr. John Dunham were married in 1991 and have three children: Linzy (born May 28, 1992), Livia (born August 4, 1993), and Tucker (born October 19, 1994). Their marriage was dissolved on December 30, 2002, and the parties were given joint legal custody with Ms. Johnston receiving primary physical custody.[1] Mr. Dunham had visitation with the children every other weekend, every Tuesday or Thursday evening, every weekend in June, the entire month of July, and alternate holidays.

After the divorce, both parties remained in Warsaw, Missouri, within a few blocks of each other. Mr. Dunham lived in the former family home, while Ms. Johnston rented a duplex.

In March of 2003, Ms. Johnston informed Mr. Dunham via certified mail of her intention to move herself and the children to Harrisonville, Missouri. Mr. Dunham filed a Motion to Prohibit Relocation on March 28, 2003, and Ms. Johnston timely replied. The parties attempted mediation on June 23, 2003, but no resolution was reached.

On July 2, 2003, Ms. Johnston married Mr. Bill Johnston, who resided in Harrisonville. Her lease on her duplex expired in May and the landlord rented it to someone else, so she had to vacate. She did not sign a contract renewing her employment around Warsaw, and she obtained a new job near Harrisonville. She moved to Harrisonville with her new husband in July, while the children were in Warsaw with their father.

---

1. Although this term no longer has any legal meaning, *Loumiet v. Loumiet*, 103 S.W.3d 332, 336–38 (Mo.App. W.D.2003), that is how her custody was denominated in the original decree.

The trial regarding the Motion to Prohibit Relocation was set for August 20, 2003, and Ms. Johnston made arrangements to stay with a friend in Warsaw until the hearing. But on August 1, the judge assigned to the case recused himself and no new date was assigned. Shortly thereafter, Ms. Johnston relocated the children to Harrisonville. She then provided all the transportation to get the children to Warsaw for Mr. Dunham's visitation. Mr. Dunham filed a Motion to Modify Custody on August 13, 2003, and Ms. Johnston filed a counter-motion. The trial was held in May and June of 2004, and the trial court entered a judgment in favor of Mr. Dunham. The court found that Ms. Johnston's violation of section 452.377 [2] was a change of circumstances and that it was in the best interests of the children for Mr. Dunham to obtain custody.

Ms. Johnston brings four points on appeal. First, she claims that the trial court erred in finding that her violation of section 452.377 was a change of circumstances that would allow for modification of custody. Second, she claims that the trial court erred in modifying custody because its determination that such a change was in the children's best interests was unsupported by the evidence. Third, she claims that the trial court erred in finding that the modification was in the children's best interests because it did not inquire into or consider the children's wishes about their custodian. And fourth, she claims that the trial court erred in modifying custody because the relocation was made in good faith and in the children's best interests.

## II.  STANDARD OF REVIEW

■ We review custody modification cases under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); the trial court's ruling should be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it declares or applies the law incorrectly. *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005). The judgment in custody cases is given greater deference than in other trial court decisions, *Brandow v. Brandow*, 18 S.W.3d 584, 587 (Mo.App. W.D.2000), and there is a presumption that the findings of the lower court were made in the best interest of the child. *Wright ex rel McBath v. Wright*, 129 S.W.3d 882, 884 (Mo.App. W.D.2004). In general, this court will affirm the judgment below, unless we are "firmly convinced that the [child's] welfare requires some other disposition." *Meyer v. Block*, 123 S.W.3d 316, 321 (Mo.App. W.D.2003).

## III.  LEGAL ANALYSIS

■ To modify a prior custody decree, a court must find "that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." § 452.410. So two things must be found: (1) a substantial change in circumstances and (2) that the best interests of the child will be served by the modification. *Heslop v. Sanderson*, 123 S.W.3d 214, 218 (Mo.App. W.D.2003). The trial court found both here.

■ Ms. Johnston asserts that the trial court should not have found that her moving the children to Harrisonville, in violation of section 452.377, was a change in circumstances sufficient to modify custody. Under section 452.377, before a parent may relocate a child's residence, that parent must give the other parent written notice. If the other parent does not file a motion to prevent the relocation within thirty days, then the child may be relocat-

**2.** Unless otherwise indicated, all statutory references are to RSMo 2000.

ed sixty days after the notice was provided. § 452.377.7. This creates two ways for a parent to relocate: (1) non-court-ordered relocation, where the other parent does not timely file a motion to prohibit the relocation after receiving proper notice, so the relocating parent may move; and (2) court-ordered relocation, where the other parent does timely object and the court then holds a hearing and decides to allow the relocation. *Wright,* 129 S.W.3d at 886–87. Because Mr. Dunham timely filed his motion to prohibit the relocation, Ms. Johnston's only option was court-ordered relocation.

■ Because the original judge recused himself, the hearing on this matter was cancelled and did not commence until a year later. During that time, Ms. Johnston relocated the children with her to Harrisonville, over Mr. Dunham's objections and without the court's permission. This was a violation of section 452.377. "Violation of the provisions of this section or a court order under this section may be deemed a change of circumstances under section 452.410, allowing the court to modify the prior custody decree." § 452.377.12. The trial court found that Ms. Johnston's violation of the statute was a change of circumstances. Ms. Johnston argues that because the statute says "may be deemed," the trial court was not required to find that her actions were a change of circumstances sufficient to modify custody. She points to the unusual circumstances here in that the hearing was delayed a year and that she provided all the transportation to ensure that Mr. Dunham was able to exercise all of his court ordered visitation during that time.

While Ms. Johnston's point is well taken, just because the court is not required to take a factor into account does not mean that it cannot do so. The statute specifically gives the court discretion to choose whether the relocation of the child is a sufficient change in circumstances. In this case, the trial court found that moving the children to Harrisonville in violation of the statute was a change in circumstances. And based on our standard of review in these cases, we defer to that decision. *Brandow,* 18 S.W.3d at 587.

■ Ms. Johnston had other options; she could have asked for an expedited trial or for a temporary order allowing her to move with the children until the case was decided. She chose to do neither of these things, instead moving the children in violation of the statute. A parent who wishes to move is allowed to do so, even if the other party files a Motion to Prohibit Relocation, after a hearing regarding whether the move is in the best interest of the child. "A parent is not allowed to relocate without first having complied with the requirements of § 452.377, either as to non-court-ordered or court-ordered relocation." *Herigon v. Herigon,* 121 S.W.3d 562, 566 (Mo.App. W.D.2003). The trial court did not abuse its discretion in deciding to apply section 452.377.12 after Ms. Johnson chose to not comply with the statute.

Because the trial court acted within its discretion in finding that there was a change of circumstances, we now must consider whether the trial court properly found that the modification was in the children's best interests. Ms. Johnston's second and third points both deal with this issue. Section 452.375.2 lists the eight factors that the trial court must review when deciding the children's best interests. The trial court considered each factor in great detail and made findings that supported its determination that changing residential custody to Mr. Dunham was in the children's best interests.

■ For the most part, Ms. Johnston does not contradict the trial court's

findings about Mr. Dunham, but instead she presents evidence that would support finding that it would be in the children's best interests to continue residing with her. This simply shows that this is a case where there is evidence to support both sides. "Because of the trial court's superior vantage in viewing the evidence and live testimony, we show deference to its determinations, viewing the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the court's judgment." *Meyer*, 123 S.W.3d at 321. Evidence that goes against these conclusions is disregarded as long as there is support in the record to sustain such inferences. *Id.* "[T]he fact that a ruling contrary to the trial court's is supported by substantial evidence is of no consequence and does not entitle the appellant to appellate relief." *Herigon*, 121 S.W.3d at 567. We do not look to whether an alternate judgment could be supported, only whether the actual judgment is supported. *Id.*

Ms. Johnston particularly focuses on the fact that the trial court did not specifically ask the children who they preferred as their custodian. One of the statutory factors to be considered by the court is the wish of the child as to his or her custodian. § 452.375.2(8). The trial court in this case interviewed each child in camera and analyzed evidence from other witnesses about the children's preference. It found that the children preferred to live in Warsaw with their father. Ms. Johnston argues that there was little evidence about the children's wishes in the record and that the trial court failed to ask the children.

■■■■ Ms. Johnston is correct that there must be some evidence in the record about the children's wishes for their custodian. *Sanders v. Busch*, 123 S.W.3d 311, 314 (Mo.App. W.D.2003). But there is no requirement that the child be specifically asked which parent he or she wants to live with; a trial court can consider other admissible evidence in the record to make its decision regarding preference. *Id.* Further, modification of custody does not turn on the desire of the child alone. *Reeves–Weible v. Reeves*, 995 S.W.2d 50, 62 (Mo. App. W.D.1999). In this case, there was evidence in the record about where the children would prefer to live, including their answers to the trial court's questions about life in both Warsaw and Harrisonville. The trial court did not abuse its discretion in not asking the children who they preferred to live with nor in finding that they would prefer to live with Mr. Dunham in Warsaw. Because the record supports the trial court's findings, we defer.

■■■■ Ms. Johnston's final point is that the relocation was made in good faith. Under section 452.377.9, the person seeking to relocate the children must prove that the proposed relocation is made in good faith and is in the best interests of the children. The trial court did not discuss whether or not her relocation was made in good faith. But whether she moved in good faith is irrelevant because she moved the children without a court-order and while the issue of relocation was still pending. The statute is discussing a proposed relocation, and at the point that the trial court made its decision, she had already relocated, so the trial court did not abuse its discretion in not considering this question. *Wright*, 129 S.W.3d at 891–92 (because the mother had already moved with the child, this was not a case of proposed relocation, so her good faith was a non-issue; her failure to comply with the statute justified the trial court's modification of custody and finding of contempt).

## IV. CONCLUSION

The trial court's decision is affirmed. The trial court did not abuse its discretion

in finding that Ms. Johnston's violation of section 452.377 was a change in circumstances justifying modification of custody. There was also sufficient evidence in the record to support the trial court's finding that the modification was in the children's best interests. Finally, whether Ms. Johnston acted in good faith is irrelevant.

VICTOR C. HOWARD, P.J., JAMES M. SMART, JR., J., concur.