

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| CHRISTINE A. MEISSNER, | ) | No. ED100424 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of St. Louis County |
| | ) | |
| JEFFREY SCHNETTGOECKE, | ) | Honorable Ellen Hannigan Ribaudo |
| | ) | |
| | ) | |
| Respondent. | ) | Filed: April 8, 2014 |

Christine Meissner ("Mother") appeals the judgment of the trial court granting Jeffrey Schnettgoecke's ("Father") motion to dismiss her motion to modify custody of their two minor children. We reverse and remand.

### I.       BACKGROUND

Mother and Father's marriage was dissolved in 2005. They were each awarded joint physical and joint legal custody of their minor children. In 2005, Mother sent Father a letter indicating her intent to move the minor children from Missouri to Texas because of a job opportunity. Father filed a motion to prevent the proposed relocation, and the trial court denied Mother's request to relocate. In December 2007, the trial court entered an order, modifying the visitation schedule as a result of Mother's move to Texas and designating Father's address in Missouri as the primary residential address for the minor children. In 2012, Mother filed a motion to modify custody, again seeking to

relocate the children to Texas. Father filed a motion to dismiss Mother's motion to modify, arguing Mother failed to allege circumstances which would warrant relief. The trial court granted Father's motion to dismiss over Mother's objection. Thereafter, Mother filed a second motion to modify custody, alleging a substantial and continuing change of circumstances and seeking modification of the trial court's December 2007 judgment. Mother also sought designation as the residential parent of the minor children. Father filed a motion to dismiss Mother's second motion to modify, and the trial court granted Father's motion. In its judgment dismissing the motion, the trial court noted its dismissal was based on "the failure to follow the relocation requirements both statutory and provided in the court's judgment of Nov [sic] 3, 2007."[1] Mother now appeals.

## II. DISCUSSION

### A. Appellate Jurisdiction

Initially, we note Father challenges our Court's jurisdiction over the present appeal. According to Father, the trial court's dismissal of Mother's motion to modify did not reach the merits of the case, and therefore, it is not a final judgment subject to review. Father contends nothing prevents Mother from re-filing her motion. We agree that typically, following a dismissal without prejudice,[2] a plaintiff can cure the dismissal by filing another suit in the same court. *Atkins*, 309 S.W.3d at 423. Thus, the dismissal without prejudice is not considered a final judgment for purposes of appeal. *Id*. "However, a party can appeal from a dismissal without prejudice if the dismissal has the

---

[1] There is no record of a judgment entered on November 3, 2007; however, the trial court did enter judgment denying Mother's request for relocation on December 3, 2007.

[2] Here, the trial court's judgment granting Father's motion to dismiss did not specify whether the dismissal was with or without prejudice. However, generally, if a dismissal does not specifically state it is with prejudice, it is deemed to be without prejudice. *Atkins v. Jester*, 309 S.W.3d 418, 422-23 (Mo. App. S.D. 2010) (internal citations omitted), *See also* Rule 67.03 (involuntary dismissal shall be without prejudice unless court otherwise specifies).

2

practical effect of terminating the action." *L.C. Development Co. Inc. v. Lincoln County*, 26 S.W.3d 336, 338 (Mo. App. E.D. 2000). In the present case, the trial court's rationale for granting Father's motion to dismiss precludes Mother from refiling her motion to modify absent compliance with the relocation statute and the court's prior judgment and effectively terminates the action. Thus, the dismissal is a final, appealable judgment, and this Court has jurisdiction to consider Mother's appeal.

**B.      Dismissal**

In her sole point on appeal, Mother contends the trial court erred in dismissing her motion to modify based on her failure to follow both the statutory requirements for relocation set forth in Section 452.377 RSMo (2000),[3] as well as the requirements contained in the court's previous judgment. According to Mother, there is no requirement by law that she must comply with the requirements for relocation prior to seeking a modification of custody due to a change of circumstances. We agree.

Section 452.375.1 RSMo (Cum. Supp. 2011) defines "custody" as "joint legal custody, sole legal custody, joint physical custody or sole physical custody or any combination thereof." The address designated as the minor child's primary residence for educational and mailing purposes is considered a sub-issue of custody. *Clayton v. Sarratt*, 387 S.W.3d 439, 445 (Mo. App. W.D. 2013) (citing *Buchanan v. Buchanan*, 167 S.W.3d 698, 702 (Mo. banc 2005)). A change to the residential designation is a change to the terms related to joint physical custody, such as the parenting time schedule, and it is not a change to the custodial arrangement itself. *Id*. (internal citation omitted). However, the standard for modification, set forth in Section 452.410 RSMo (2000),

---

[3] All further references to Section 452.377 are to RSMo (2000).

3

applies when a party seeks to modify the custodial arrangement, as well as to modify a term related to the custodial arrangement, such as the parenting time schedule.  *Id.*

Here, the court determined Mother was required to comply with the notice provisions of Section 452.377, which governs relocation of minor children.  Although Mother and Father had joint physical custody of the minor children, the primary residential address for the children was Father's address in Missouri.  Mother's motion to modify sought to change this designation of the residential parent from Father to Mother.  As a result, Mother's request to modify the custody arrangement was properly the subject of a motion to modify.  *See Id.* (standard for modification applies when party seeks to modify term relating to custodial arrangement).  Pursuant to Section 452.410.1, the trial court shall modify a prior custody decree if it finds, "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."  Mother alleged such a change of circumstances in her motion, as well as alleging the modification was in the best interests of the children.

Section 452.377 does not require that a parent desiring to relocate a minor child file any motion seeking permission to do so.  *See Herigon v. Herigon*, 121 S.W.3d 562, 566 (Mo. App. W.D. 2003).  Instead, the statute provides for a procedure triggered by notice of the proposed relocation.  *Id.*  Once proper notice is given, unless the non-relocating parent files a motion seeking to prevent the relocation, the residence of the child may be relocated sixty days after notice without court intervention.  Section 452.377.7.  In the present case, because Mother was not the primary residential parent for

4

purposes of custody, Mother properly sought to modify the custody arrangements. As discussed above, the proper procedure to modify custody arrangements was a motion to modify, which unlike relocation, required the intervention of the court. Thus, the court improperly determined Mother was required to comply with the notice requirements in Section 452.377 as a prerequisite to filing her motion to modify.

The same analysis applies to application of the language contained in the trial court's December 3, 2007 judgment denying Mother's request to relocate the children. In its judgment, the court mirrored the requirements for notice of relocation contained in Section 452.377. However, as previously discussed, in this case Mother was seeking a change to the terms of the custodial arrangement, namely a change to the designation of the residential parent. Therefore the language from the court's order did not apply.

As a result of the foregoing, the trial court erred in dismissing Mother's motion to modify based on her failure to follow both the statutory requirements for relocation as well as the court's previous judgment. Mother's sole point on appeal is granted.

### III. CONCLUSION

The judgment of the trial court dismissing Mother's motion to modify is reversed and the cause is remanded for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Chief Judge

Gary M. Gaertner, Jr., J., and
Gary Dial, Sp. J., concur

5