Kimberlee Paige (Busch) SANDERS, Appellant,

v.

Steven L. BUSCH, Respondent.

No. WD 62143.

Missouri Court of Appeals, Western District.

Dec. 23, 2003.

Rehearing Denied Jan. 27, 2004.

Gregory W. Vleisides, Kansas City, for Appellant.

Susan C. West Noland, Kansas City, for Respondent.

Before SMART, P.J., ULRICH and LISA WHITE HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Kimberlee (formerly Busch) Sanders appeals from a modification judgment transferring custody of her thirteen-year old daughter to her ex-husband, Steven Busch. We reverse and remand because the trial court failed to consider the child's wishes in determining whether the custody change was in the child's best interest.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2001, Steven Busch (Father) filed a Motion to Modify the 1994 judgment dissolving his marriage to Kimberlee Busch (Mother). The 1994 judgment awarded the parties joint legal and physical custody of their daughter, Alexandra, born December 18, 1988, and designated Mother as the primary residential custodian. Father sought to modify the judgment to obtain primary physical custody of Alexandra based on a change of circumstances. Father alleged Mother had moved the child from Clay County to the State of Washington without providing written notice of the relocation, as required by Section 452.377.2, R.S.Mo.2000.[1] Father also alleged Mother was recently convicted of felony theft, sentenced to probation, and was subject to incarceration upon violation of the probation conditions. Mother opposed the modification motion.

A Commissioner heard testimony on the motion from Father, Mother, Father's new wife, and the child's paternal grandmother. Following the hearing, the Commissioner made findings in support of the modification and proposed a judgment transferring sole physical custody of the child to Father. Mother filed objections to the proposed judgment, asserting *inter alia* that the Commissioner "refused to interview the child" and failed to give any consideration to the child's wishes regarding the

---

1. All subsequent statutory citations are to the Revised Missouri Statutes 2000.

custody change. A circuit court judge subsequently adopted the Commissioner's proposed judgment, without directly addressing Mother's objections. Mother appeals the modification judgment.

### POINTS ON APPEAL

Section 452.410 allows modification of a custody order upon a showing that: (1) a change has occurred in the circumstances of the child or her custodian since the prior decree; and (2) modification is necessary to serve the child's best interest. Mother contends the trial court erred in modifying the 1994 custody decree because there is insufficient evidence of a change in circumstances and because the court failed to consider Alexandra's custodial preference in determining the child's best interest.

 We must affirm the trial court's modification judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *White v. Moore*, 58 S.W.3d 73, 75 (Mo.App. W.D.2001). Because the trial court is in the best position to weigh all the evidence and render a judgment based on the evidence, we will uphold the judgment under any reasonable theory supported by the evidence. *Reeves–Weible v. Reeves*, 995 S.W.2d 50, 55 (Mo.App. W.D.1999)

### Change in Circumstances

 The trial court's judgment listed several grounds for finding a change of circumstances in support of the custody modification. One of the grounds involved the relocation of Mother and Alexandra to the State of Washington. The trial court found:

> [Mother] relocated the child's residence to the state of Washington upon only two weeks verbal notice to [Father]. [Mother] did not ask for the consent of [Father] or this court prior to moving the child out of Missouri, though required by law in effect at that time to do so. [Mother] is not willing to move back to Missouri.

> Since [Mother] moved to Washington, [Father] has been continuously denied substantial periods of parenting time awarded in the Judgment of Dissolution of Marriage. Each year, he has only been able to see the child for an extended period during the summer and for approximately one week at Christmas. With the exception of one visit, [Father] has had to pay all travel expenses to bring his daughter back to Missouri for visitation with the cost averaging between $400.00 and $600.00 for each trip. On several occasions, [Mother] has failed to cooperate with [Father] in arranging visits over the summer and Christmas, even though he was paying all of the costs associated with the visits.

Mother does not dispute that there is evidence in the record to support the court's factual findings, but she argues the relocation did not constitute a change of circumstances sufficient for modification because Father did not object to the child's relocation in 1997. Mother further contends Father failed to show Alexandra was adversely affected by the move.

Mother's argument disregards Section 452.411, which provides:

> If either parent of a child changes his residence to another state, such change of residence of the parent shall be deemed a change of circumstances under Section 452.410, allowing the court to modify a prior visitation order or custody decree.

Pursuant to this statute, Mother's move to Washington constituted a change of circumstances regardless of whether Father objected or there was proof of harm to the

child. Section 452.411 is particularly applicable in situations where the custodial parent has relocated in violation of Section 452.377. *Baxley v. Jarred,* 91 S.W.3d 192, 209 (Mo.App. W.D.2002). The evidence of Mother's unauthorized relocation was sufficient to satisfy the first step for custody modification and allow the trial court to proceed with a determination of the child's best interest. Issues regarding the effect of relocation on the child could be properly considered in the best interest analysis and had no bearing on the threshold question of whether a change in circumstances had occurred.

The trial court's judgment listed several additional grounds for finding a change of circumstances, including Mother's theft conviction and the child's excessive absences from school while in Mother's custody. We need not address Mother's challenges to these findings because the court was justified in proceeding to the second step of the modification analysis based solely on Mother's unauthorized relocation as a change of circumstance.

### Best Interests of the Child

■ In evaluating the best interests of the child for purposes of custody modification, the court is required to consider all relevant factors set forth in Section 452.375.2. *Reeves–Weible,* 995 S.W.2d at 62–63 One of those factors is the "wishes of a child as to the child's custodian." Section 452.375.2(8). This factor is relevant and must be considered by the court when the child is "of sufficient age to form and express an intelligent custodial preference." *Babbitt v. Babbitt,* 15 S.W.3d 787, 789 (Mo.App. S.D.2000).

■ Mother argues the trial court misapplied the law in modifying custody be-

cause it failed to consider the wishes of Alexandra, who was thirteen years old at the time the modification judgment was entered. Although the judgment generally states the court "considered all relevant factors in determining the best interests of the child," Mother points out there is no evidence in the record regarding the child's wishes. Alexandra did not testify at trial and was not interviewed in chambers by the Commissioner. No guardian ad litem was appointed to represent her interests. Although there was extensive testimony from Mother, Father, Father's current wife, and Alexandra's paternal grandmother, none of the witnesses testified regarding the child's custodial preference. The record is devoid of any evidence upon which the court could consider whether Alexandra wanted to live with her Mother in the State of Washington or her Father in Clay County, Missouri.

■ In his brief on appeal, Father argues the trial court was not required to interview Alexandra because there was other "sufficient evidence" from which it could determine the child's wishes. However, Father failed to identify any such evidence in the record. Father is generally correct that an in-chambers interview is discretionary under Section 452.385[2] because the statute assumes the court also has other available means to discern the child's wishes, including witness testimony and/or the appointment of a guardian ad litem. But if no relevant evidence is presented at trial, the court cannot properly exercise its discretion by refusing to interview a child who is of sufficient age and intelligence to express his or her custodial preference.

There is no dispute that, at age thirteen, Alexandra was fully capable of stating her

---

**2.** Section 452.385 provides in relevant part: "The court *may* interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge." (emphasis added).

view regarding the proposed change of custody. The trial court's refusal to interview her, without other relevant evidence in the record regarding her wishes, was an abuse of discretion and a misapplication of the law requiring consideration of the best interest factors. The modification judgment is reversed, and the cause remanded for additional evidence regarding the child's wishes and reconsideration of the best interest factors set forth in Section 452.375.2(1)-(8).

All concur.