

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

FREDERICK SPENCER,            )
)
              Appellant,    )
)    **WD79134**
v.                    )
)    **OPINION FILED:**
)    **October 4, 2016**
GEORGE LOMBARDI, et al.,    )
)
             Respondents.   )

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Jon E. Beetem, Judge**

**Before Division Two:** Karen King Mitchell, Presiding Judge, and
Cynthia L. Martin and Gary D. Witt, Judges

Frederick Spencer, previously an offender in the custody of the Missouri Department of

Corrections, appeals from the trial court's dismissal of his action brought under 42 U.S.C. § 1983

against Department Director George Lombardi, as well as the individual members of the Board of

Probation and Parole ("Board"), for extending his conditional release date from prison. We affirm.

## Background

When reviewing the dismissal of a petition for failure to state a claim upon which relief

may be granted, we assume all facts in the petition as true. *Lynch v. Lynch*, 260 S.W.3d 834, 836

(Mo. banc 2008). Here, due to deficiencies in Spencer's pleadings, the factual record is sparse. In

order to provide a more complete picture of the posture of this litigation, we will begin with a summary of the procedural history that precedes the filing of this case.

A jury found Spencer, a psychologist, guilty of three counts of forcible rape and three counts of forcible sodomy of two of his patients. The circuit court sentenced him to fifteen years in the Department. The convictions and sentences were upheld by *State v. Spencer*, 50 S.W.3d 869 (Mo. App. E.D. 2001). Spencer then sought post-conviction relief, which the trial court denied following an evidentiary hearing. That denial was upheld by *Spencer v. State*, 156 S.W.3d 365, 366 (Mo. App. E.D. 2004). Three years later, Spencer unsuccessfully sought to reopen his post-conviction relief proceedings. *Spencer v. State*, 255 S.W.3d 527, 528-29 (Mo. App. E.D. 2008).

The Board initially notified Spencer that he was scheduled to be conditionally released on February 5, 2010.[1] However, due to Spencer's failure to complete the Missouri Sex Offender Program ("MoSOP"), his initial conditional release date was extended. Spencer brought an action for declaratory and injunctive relief, alleging that he was terminated from MoSOP because he refused to admit or acknowledge guilt for his convictions of rape or forcible sodomy. *Spencer v. State*, 334 S.W.3d 559, 561 (Mo. App. W.D. 2010). In his 2010 case, Spencer contended that requiring him to complete MoSOP, and therefore acknowledge guilt, in order to be eligible for conditional release violated his constitutional rights, causing him to "be required to serve 100% of his sentence in prison." *Id*. at 562. The circuit court dismissed the declaratory judgment action with prejudice, finding that Spencer had failed to state a claim for relief. *Id*. at 561-62. This court

---

[1] A term of imprisonment "includ[es] both prison and conditional release terms." § 558.011.1. "'Conditional release' means the conditional discharge of an offender by the board of probation and parole, subject to conditions of release that the board deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole." § 558.011.4(2). Unless otherwise specified, all statutory citations are to the Revised Statutes of Missouri (2000) as currently supplemented.

2

affirmed, concluding that the requirement that an offender admit that he was guilty of the sex offenses of which he was convicted as a condition for successful MoSOP completion does not violate his Fifth Amendment rights. *Id*. at 568. Spencer was ultimately released on October 5, 2014, the last day of his sentence.

Following his release from incarceration, Spencer filed the instant action, asserting § 1983 claims against Director Lombardi and the members of the Board. Spencer's petition includes no allegations specific as to Lombardi or the Board members individually. Rather, his allegations are made as to "all Defendants." Spencer asserted that the Defendants' "cancellation" of his February 5, 2010 conditional release date resulted in his "unconstitutional and illegal incarceration between February 6, 2010 and October 5, 2014." Spencer sought monetary "damages of at least $2[,]000 per day" for each day he was incarcerated "for the period of February 6, 2010 thru [sic] October 5, 2014." The petition sets forth three claims.

In his first count, Spencer claims the "Defendants" deliberately, knowingly, and intentionally cancelled his mandatory conditional release date and kept him incarcerated for an additional 56 months by repeatedly refusing to provide mandatory treatment services, required under § 589.040. He claims that he was punished for the exercise of his First and Fourteenth Amendment rights by the cancellation of his right to mandatory release. In his second count, Spencer claims that he was denied his conditional release date because he exercised his Fifth Amendment right not to be forced to give compelled testimony, in that he would not admit he was guilty of crimes for which he asserted his innocence. In his third count, Spencer alleged that he had a conditional release extension hearing on December 8, 2009, after which the Board lost jurisdiction to extend his conditional release date by "not making a timely decision . . . within the 15 working day period required under [§] 558.011.5." Spencer alleged that the "Defendants," in

3

order to cure this "jurisdictional" defect, fraudulently represented that the decision to extend his conditional release date had been made on December 29, 2009, but later "formally admitted the decision was actually made on January 6, 2010."

The Board members and Lombardi filed a motion to dismiss, which the trial court granted. The trial court held that the members of the Board were entitled to absolute immunity, that Spencer failed to state a claim against Lombardi, and that all of the claims were barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Spencer appealed.

## Analysis

### I.      Preservation of alleged error.

We must begin with a review of Spencer's brief in order to determine what, if any, issues he has preserved. Spencer makes a number of arguments throughout his brief, but an appellant's "argument is limited to only those errors asserted in the points relied on." *Crest Constr. II, Inc. v. Hart*, 487 S.W.3d 85, 90 n.5 (Mo. App. W.D. 2016) (quoting *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 563 (Mo. App. W.D. 2001)).

Spencer's first point states that the trial court erred in holding that "Lombardi[] enjoyed absolute immunity." The trial court made no such holding. Rather, the trial court held that the Board members were entitled to absolute immunity. Spencer's point makes no mention whatsoever as to the Board members, and certainly makes no challenge to the trial court's holding that they were entitled to absolute immunity. Accordingly, Spencer has waived any challenge as to the dismissal of the Board members on that ground, and we affirm their dismissal. *State v. Brightman*, 388 S.W.3d 192, 196 n.4 (Mo. App. W.D. 2012) (An appellant "waive[s] appellate review of [an] issue by failing to raise the merits of this claim in" his point.).

4

Spencer has also arguably waived any challenge to the trial court's dismissal of Lombardi. Again, the trial court dismissed the claims against Lombardi because Spencer "fail[ed] to state a claim upon which relief may be granted." The trial court's ruling appears to be based on Lombardi's motion to dismiss, wherein he argued that Spencer had failed to allege that Lombardi had personally participated in any of the challenged conduct. Spencer's point argues that the trial court erred in holding that "Lombardi[] enjoyed absolute immunity," again a holding that the trial never made. Spencer also argues that the trial court erred in concluding that he failed to state a claim, and he asserts that he "sufficiently pled that the intentional conduct of Defendant Lombardi violated . . . [Spencer's rights] by acting without any jurisdiction and by intentionally denying [Spencer] his right to procedural due process."

Accordingly, the point can be read to address the trial court's dismissal of Lombardi based on both absolute immunity (a holding the trial court did not make), and for failure to state a claim (a holding it did make). Read in this manner, the point is "multifarious in that it collapses disparate contentions of error into a single point relied on contrary to Rule 84.04(d)." *Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo. App. S.D. 2006). "Improper points relied on, including those that are multifarious, preserve nothing for appellate review." *Martin v. Reed*, 147 S.W.3d 860, 863 (Mo. App. S.D. 2004) (quoting *Stelts v. Stelts*, 126 S.W.3d 499, 504 (Mo. App. S.D. 2004)). Nevertheless, our preference is to resolve cases on the merits. To the extent we are "able to understand the nature of the claim[s] presented, and" Lombardi was "able to understand and effectively address those claim[s] in [his] responsive brief, we exercise our discretion to review [Spencer's] claims *ex gratia*." *Powell v. City of Kansas City*, 472 S.W.3d 219, 225 n.9 (Mo. App. W.D. 2015). Accordingly, we will review Spencer's argument that he alleged facts sufficient to show that Lombardi actively participated in an effort to deprive Spencer of his right to conditional

5

release by extending his conditional release date when jurisdiction to do so had passed under § 558.011.[2]

## II. Standard of review.

"Appellate review of a trial court's grant of a motion to dismiss is *de novo*." *Kixmiller v. Bd. of Curators of Lincoln Univ.*, 341 S.W.3d 711, 713 (Mo. App. W.D. 2011). "A motion to dismiss for failure to state a claim 'is solely a test of the adequacy of the plaintiff's petition.'" *Id.* (quoting *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010)). "A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (quoting *City of Lake St. Louis*, 324 S.W.3d at 759). "The court treats the plaintiff's averments as true and liberally grants the plaintiff all reasonable inferences." *Id.* "The credibility or persuasiveness of the facts alleged are not weighed." *Id.*

## III. Spencer failed to state a claim.

Spencer first argues that, at trial, he would prove that Lombardi "received sufficient and proper notice" of Spencer's allegations through various correspondence and grievances allegedly filed with Lombardi. What Spencer might have been able to prove at trial is, of course, irrelevant. The issue is whether his *petition* is adequate to survive a motion to dismiss for failure to state a claim. "The appellate court *reviews the petition* to determine if the facts alleged meet the elements

---

[2] Spencer makes a number of arguments for the first time on appeal for which he is unable to point to any pleading for support. We do not address these arguments, including Spencer's claims that: the Board was barred from extending the conditional release date more than forty days following the date that the original conditional release date was set; he was not allowed to call and cross-examine witnesses at the hearing to extend his conditional release date; and he was not allowed to contest the allegations against him or to appeal the decision to extend the conditional release. Spencer has also filed a number of items in his appendix, which do not appear to have been filed below and are not in the record on appeal. "The exhibits are not in the legal file, were not deposited with the court as exhibits, and are therefore not part of the record on appeal." *Curry Inv. Co. v. Santilli*, WD78899, 2016 WL 3538555, at *7 n.9 (Mo. App. W.D. June 28, 2016). "The appendix is not part of the legal file or otherwise part of the record on appeal." *Id.* (quoting *Bison Park Dev., LLC v. N. Am. Sav. Bank, F.S.B.*, 399 S.W.3d 877, 882 n.7 (Mo. App. W.D. 2013)). "Thus, we do not consider them . . . ." *Id.*

of a recognized cause of action." *Anderson v. Union Elec. Co.*, 463 S.W.3d 783, 786 (Mo. banc 2015) (emphasis added). We are unable to review Spencer's conclusory claims about what he would allegedly be able to prove at trial. Rather, we are limited to the allegations contained in the pleadings. Thus, any "notice" Lombardi may have acquired from other sources has no bearing on whether Spencer's petition is adequate to state a claim against Lombardi.

Spencer next points to the first two counts of his petition in which he accuses "all Defendants" (presumably including Lombardi) of "violat[ing Spencer's] First and Fourteenth Amendment right[s]," as well as his "U.S. Constitutional Fifth Amendment[3] Right[s]." But Spencer's petition fails to pair these assertions of the deprivation of constitutional rights with any allegations of specific conduct by Lombardi that caused such deprivation. "The bare assertion" that a party has been deprived of constitutional rights "is a legal conclusion unsupported by any statement of facts constituting the alleged violation of constitutional rights . . . ." *Georg v. Koenig*, 370 S.W.2d 356, 358-59 (Mo. 1963). "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Emps.*, 43 S.W.3d 293, 302 (Mo. banc 2001); Rule 55.05. Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Bell v. Phillips*, 465 S.W.3d 544, 548 (Mo. App. W.D. 2015) (*quoting Mayorga v. Mo.*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Spencer, in making bare assertions that he has been deprived of constitutional rights, failed to include any allegations

---

[3] Spencer repeatedly argues in his Appellant's brief that the various respondents "inflict[ed] a substantial penalty for [Spencer] exercising his" Fifth Amendment rights, and "unconstitutionally impose[d] an additional and injurious prison term because [Spencer] would not admit guilt." But in his Reply Brief, Spencer mercurially declares that his "appeal addresses only procedural and subject matter jurisdictional" violations, and that "[t]here are no Fifth Amendment claims made at all." Accordingly, we presume that Spencer has abandoned his Fifth Amendment claims set out in Count II of his petition. In any event, this court has already decided these claims against Spencer. *Spencer v. State*, 334 S.W.3d 559, 572 (Mo. App. W.D. 2010).

7

showing how Lombardi was in any way responsible for the alleged deprivations. The first two counts of Spencer's petition fail to state a claim.[4]

Spencer does allege in Counts I and II that "all Defendants" participated in the cancellation of his conditional release date. But in these counts, Spencer provides no corresponding factual allegations to explain why the "cancellation" was impermissible or how his constitutional rights were affected. Lombardi responds that only the Board has the authority to conditionally release inmates or to extend the dates of conditional release. And under § 558.011.5, "[t]he date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment *by the board of probation and parole*." (Emphasis added.) There does not appear to be any statute granting similar authority to the Director. It is undisputed that Lombardi is not a member of the Board. Because Lombardi could not have made, or even participated in, the decision to extend Spencer's conditional release date, it can hardly be said that Lombardi caused harm to Spencer through the extension of the date. *Mayorga*, 442 F.3d at 1132 (Where a respondent does not have "the power or authority to override the Board," or grant the relief the petitioner requested, the petitioner "cannot establish personal involvement of the" respondent, who is therefore "entitled to judgment as a matter of law under [§] 1983.").[5]

In Count III of Spencer's petition, he again alleges that the "Defendants" violated his Fourteenth Amendment right to Due Process by canceling his mandatory conditional release date after having lost jurisdiction to do so, and that they "create[d] false documents . . . falsely representing that a decision had been made" within the statutory timeframe. In determining

---

[4] Spencer's petition does specifically allege that he was denied "treatment," to which he had a statutory right, presumably referring to the MoSOP program. From this court's opinion in *Spencer*, 334 S.W.3d at 562, we know that "Spencer was afforded two opportunities to complete the MoSOP. On each occasion, he was terminated from the program because he refused to acknowledge or admit his guilt for the offenses for which he was convicted." However, Spencer does not assert how the alleged denial of treatment led to the claimed violation of his "First Amendment and Fourteenth Amendment right to access both the State and Federal Courts."

[5] This analysis applies equally to Count III of Spencer's petition.

8

whether Count III of Spencer's petition states a claim, we will first analyze his argument that the

Board acted after it lost jurisdiction.[6]

Spencer's claim that the Board lost jurisdiction over his conditional release date stems from

his reading of § 558.011.5. That statute provides:

> The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole. The director of any division of the department of corrections except the board of probation and parole may file with the board of probation and parole a petition to extend the conditional release date when an offender fails to follow the rules and regulations of the division or commits an act in violation of such rules.[7] Within ten working days of receipt of the petition to extend the conditional release date, the board of probation and parole shall convene a hearing on the petition. The offender shall be present and may call witnesses in his or her behalf and cross-examine witnesses appearing against the offender. The hearing shall be conducted as provided in section 217.670. If the violation occurs in close proximity to the conditional release date, the conditional release may be held for a maximum of fifteen working days to permit necessary time for the division director to file a petition for an extension with the board and for the board to conduct a hearing, provided some affirmative manifestation of an intent to extend the conditional release has occurred prior to the conditional release date. If at the end of a fifteen-working-day period a board decision has not been reached, the offender shall be released conditionally. The decision of the board shall be final.

Spencer alleges that the Board held a hearing on December 8, 2009, to determine whether

to extend his conditional release date. He argues that under § 558.011.5, the Board lost jurisdiction

to issue an extension of his conditional release date fifteen working days after the hearing, or

December 29, 2009. Further, he alleges that the Board did not come to a final decision until

January 6, 2010, after it had lost jurisdiction to extend his conditional release date, and that

---

[6] If we were to conclude that the petition alleges adequate facts to state a claim that the Board acted after it had lost jurisdiction, we would still have to determine whether Spencer alleged facts sufficient to state a claim for that conduct against Lombardi, a non-member of the Board, and whether his claim of an alleged cover-up of the extra-jurisdictional conduct states a claim against Lombardi.

[7] Spencer does not argue that his failure to complete MoSOP provided insufficient grounds for an extension of a conditional release date under the statute.

Lombardi and the Board members collectively issued a fraudulent document "falsely representing that a decision had been made on December 29."

But Spencer's statutory argument is nonsensical. The fifteen-working-days provision applies only in the event that the hearing on the extension of conditional release "occurs in close proximity to the conditional release date." *Id*. When that is the case, the offender's "conditional release may be held for a maximum of fifteen working days to permit necessary time" for the Board to review whether the date should be extended. *Id*. In that situation, if the Board has not reached a decision "at the end of a fifteen-working-day period, . . . the offender shall be released conditionally." *Id*. In other words, the Board is allowed to require an offender to remain in the custody of the Department up to fifteen days *beyond* what would otherwise have been his conditional release date if the Board is determining whether to extend the offender's release date for a violation of rules and regulations.

But Spencer, by his own admission, was not at any point eligible for conditional release until February 5, 2010, well after the Board's decision. Regardless of whether the decision was made on December 29, January 6, or any other time prior to the original conditional release date, the fifteen-business-day provision was never at issue, and is wholly inapplicable.[8] Thus, Spencer has failed to make allegations that would support the assertion that the Board lacked jurisdiction to extend his conditional release date. Any document, therefore, whether fraudulently created or

---

[8] Though his arguments are far from clear, Spencer also appears to argue in his brief that the Board failed to conduct a hearing "[w]ithin ten working days of receipt of the petition to extend the conditional release date," as directed by § 558.011.5. But Spencer made no such allegation in his petition, and we cannot consider it in determining whether the petition adequately stated a claim for relief. It is doubtful, however, that such failure would, as Spencer argues, deprive the Board of the right to rule on the petition, because the statute does not contain any sanction for such failure. "When the legislature imposes a deadline or other mandate, . . . courts have no authority to impose a sanction for non-compliance when the legislature has chosen not to do so." *Frye v. Levy*, 440 S.W.3d 405, 408 (Mo. banc 2014). Unlike the fifteen-business-day requirement later in the same subsection, in which the statute explicitly states that the offender is to be released if the Board does not act within the required timeframe, the ten-day hearing requirement includes no sanction.

not, could not possibly have contributed to harm Spencer. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132. Because the Board could not have been divested of jurisdiction to extend the conditional release date under the facts Spencer has alleged, his petition failed to state a claim that he was deprived of any right.

Spencer's first point is denied. Because Spencer has failed to preserve any argument challenging the dismissal of the Board or its members, and, for the reasons stated above, the trial court did not err in dismissing Spencer's petition for failure to state a claim as to Lombardi, we need not research the alternative basis for dismissal set out in the trial court's judgment and addressed in Spencer's second point on appeal.

### Conclusion

Finding no error in the trial court's dismissal of Spencer's claims, we affirm the judgment.

_____
Karen King Mitchell, Presiding Judge

Cynthia L. Martin and Gary D. Witt, Judges, concur.

11