

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| IN THE INTEREST OF: B.L.G., A MINOR CHILD; | ) |
| | ) |
| | ) WD82405 |
| CEDRIC GANAWAY, | ) |
| | ) OPINION FILED: |
| Respondent, | ) December 24, 2019 |
| | ) |
| v. | ) |
| | ) |
| BRANDEY GREENE, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Cooper County, Missouri**
The Honorable Keith M. Bail, Judge

Before Division One: Edward R. Ardini, Jr., Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

Brandey Green ("Mother") appeals from the trial court's judgment establishing paternity, and determining child custody, child support and parenting time. Mother argues that the trial court's adoption of Cedric Ganaway's ("Father") parenting plan was against the weight of the evidence, exceeded the scope of the pleadings, and was based on an improper Guardian Ad Litem ("GAL") recommendation. Finding no error, we affirm.

## Background

Mother gave birth to B.L.G. ("the child") in July 2010. The child resided with Mother in Pilot Grove. Father resided in Boonville.

In February 2016, Father filed a petition to determine paternity, child custody, child support, and parenting time with respect to the child. Father admitted paternity and requested joint legal and physical custody. Mother filed an answer and counter-petition that initially sought sole legal and physical custody. However, Mother eventually changed her position and agreed with Father's request for joint legal and physical custody.

The trial court entered temporary custody orders on May 13, 2016, and on September 19, 2016 ("September temporary custody order"). Both temporary custody orders reflected agreements reached between the parties. The September temporary custody order provided that Mother and Father would have joint legal and physical custody of the child; that the child would reside primarily with Mother; and that Father would have parenting time every other weekend (with the times varied depending upon whether school was in session), and every Wednesday between 5:45 p.m. - 8 p.m. The September temporary custody order also addressed holiday parenting time, and extended parenting time for vacations.

Father's petition was heard on August 17, 2017. At that time, Mother was no longer represented by counsel and appeared *pro se*. The parties stipulated to Father's paternity, and to joint legal and physical custody. The parties submitted evidence in support of their competing positions with respect to parenting time and child support. That evidence included Father's parenting plan ("August 2017 parenting plan") which sought to alter the

temporary parenting time arrangements such that Father and Mother would alternate weeks during the summer, and Father would have the child the first, second, fourth and fifth weekends of each month during the school year.

At the conclusion of the evidentiary hearing, the trial court took the matter under advisement. The trial court asked Father to submit a revised parenting plan and a proposed judgment reflecting changes to Father's August 2017 parenting plan that had been discussed during the hearing.

While the matter was still under advisement, Father filed a motion on October 2, 2017 to re-open the evidence, in light of issues that arose after the August 17, 2017 hearing involving the child's school attendance. On October 13, 2017, the trial court sustained Father's motion.[1]

On October 15, 2018, the trial court heard additional evidence. Mother was represented by counsel during this hearing. During the hearing, Father testified and submitted an amended parenting plant ("October 2018 parenting plan") which was received into evidence without objection. Father's October 2018 parenting plan required the child to reside with Father on the weekdays while school was in session. Mother also testified and submitted her own parenting plan which was received into evidence without objection. Mother's parenting plan effectively requested the adoption of Father's August 2017 parenting plan.

---

[1]The trial court also ordered the parties to participate in mediation, which apparently failed to result in an agreement resolving contested issues as the trial court re-convened to take additional evidence on October 15, 2018.

The evidence[2] established that Mother's medical condition had at times limited her ability to provide transportation for the child to and from school events and for the exercise of parenting time as provided in the September temporary custody order. While residing with Mother, the child had missed or been tardy for numerous days of preschool, kindergarten, and first grade. At one point, Mother had provided notice of her intent to relocate with the child to Florida, though Mother testified she no longer intended to relocate. A court appointed GAL recommended that Mother and Father be awarded joint legal and physical custody with parenting time as provided in Father's October 2018 parenting plan.[3]

The trial court entered its judgment on November 6, 2018 ("Judgment") establishing paternity, and determining child custody, child support and parenting time. The Judgment adopted and incorporated Father's October 2018 parenting plan.

Mother timely appeals, challenging the trial court's adoption of Father's October 2018 parenting plan.

### Standard of Review

In a court-tried case, our standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Schollmeyer v. Schollmeyer*, 393 S.W.3d 120, 122 (Mo. App. W.D. 2013). "We affirm the trial court's decision unless it is not supported by substantial evidence, it is against the weight of evidence, or it erroneously declares or

---

[2]*Schollmeyer v. Schollmeyer*, 393 S.W.3d 120, 123 (Mo. App. W.D. 2013) ("We view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the trial court's judgment.").

[3]The transcript refers to a motion to appoint a GAL filed by Father in February 2018, after the mediation ordered by the trial court when it granted Father's October 2, 2017 motion to re-open the evidence failed.

4

applies the law." *Id* at 122 - 23. We defer to the trial court's credibility determinations. *Id*. "We view the evidence and all reasonable inferences in the light most favorable to the trial court's judgment." *Id.* at 123.

## Analysis

Mother asserts three points on appeal, each challenging the trial court's adoption of Father's October 2018 parenting plan. Mother alleges it was error to adopt Father's October 2018 parenting plan because it was against the weight of the evidence to do so, the terms of the October 2018 parenting plan exceeded the scope of Father's pleadings, and the trial court relied on an improper GAL recommendation. We address the points individually.

## Point One

Mother's first point asserts that the trial court's adoption of Father's October 2018 parenting plan was against the weight of the evidence.

"A claim that [a] judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment." *Ivie v. Smith*, 439 S.W.3d 189, 205 (Mo. banc 2014). "In other words, 'weight of the evidence' denotes an appellate test of how much persuasive value evidence has, not just whether sufficient evidence exists that tends to prove a necessary fact." *Id.* at 206. "A [trial] court's judgment is against the weight of the evidence only if the [trial] court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *Id.*

Mother complains that the Judgment is against the weight of the evidence because the October 2018 parenting plan arbitrarily reduced Mother's time to much less than she had ever enjoyed with the child, and because the unfavorable school attendance evidence

5

relied on by the trial court was from a prior school year, and not the current school year.[4] Neither argument is sufficient to establish that the trial court's adoption of Father's October 2018 parenting plan was against the weight of the evidence.

Section 452.310.9 expressly provides that temporary custody orders "shall not create a preference for the court in its adjudication of final custody, child support or visitation." Mother's observation that adoption of Father's October 2018 parenting plan reduced her parenting time is factually accurate. However, that observation is of no legal import in determining whether the weight of the evidence supports adoption of Father's October 2018 parenting plan.

Mother also contends that the trial court erroneously relied on "old evidence" regarding the child's absences from school. Mother relies on *Cannon v. Cannon*, 351 S.W.3d 843 (Mo. App. W.D. 2011). But *Cannon* is unavailing.

In *Cannon*, the trial court relied on evidence that was more than thirty-four months old to determine a schedule of visitation. *Cannon*, 351 S.W.3d at 849. The trial court's error was not its reliance on this evidence, however, but was instead its refusal to permit the parties to present more current evidence in the face of alleged changed circumstances. *Id.*

In contrast, in this case the trial court permitted the parties to submit all evidence each believed pertinent to the determination of parenting time. Relevant to Mother's concern on appeal, Mother was permitted to admit evidence of the child's attendance during

---

[4]Mother has not alleged that the October 2018 parenting plan is not in the child's best interests.

6

the current school year to counter the evidence Father submitted regarding the child's attendance issues during prior school years. The trial court expressly found, however, that Mother's evidence regarding the child's improved attendance during the first two months of the current school year "was insufficient to assuage the concerns of the [GAL] and th[e] court." This was not an unreasonable finding. Mother testified that she had difficulty in the morning getting the child out of bed and ready to go to school. The evidence established that the school district had sent multiple letters to Mother and Father regarding the child's excessive absences which threatened to report the issue to the Missouri Department of Social Services, Children's Division. The evidence also established that a truant officer with the Children's Division had been contacted and had met with Mother because of the child's excessive absences. Though the child's school attendance did improve after this meeting, the trial court's assessment of the weight to be afforded the evidence of improved attendance was not unreasonable.

Mother has not established that the trial court's adoption of Father's October 2018 parenting plan was against the weight of the evidence.[5]

Point One is denied.

---

[5]The argument portion of Mother's Brief criticizes the trial court's adoption of Father's proposed judgment without making any changes. Though the practice of adopting proposed findings of fact and conclusions of law without alteration is discouraged, Mother acknowledges that "it is not error for a trial court to request or receive proposed findings and, in appropriate cases, to adopt those findings." *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. 2014). More to the point, Mother's argument exceeds the scope of Mother's point relied on and is not preserved for appellate review. *Spencer v. Lombardi*, 500 S.W.3d 885, 889 (Mo. App. W.D. 2016); Rule 84.04(d)(1).

**Point Two**

Mother's second point asserts that it was error to adopt Father's October 2018 parenting plan because it resulted in a Judgment that exceeded the scope of Father's pleadings. Specifically, Mother complains that adoption of the October 2018 parenting plan resulted in neither party being awarded child support, although "[Father's] petition specially [pleaded] that he should pay Mother $400.00 in child support, as Mother would have [the child] the majority of the time pursuant to his original parenting plan." [Appellant's Brief, p. 17].

The Judgment did not exceed the pleadings. Father's petition filed in February 2016 requested the court "order . . . [that] it is in the best interest of the minor child to be placed in the *joint legal and physical custody*" of Father and Mother "as outlined in the Father's Proposed Parenting Plan." The record does not include a copy of the proposed parenting plan attached to Father's petition. Regardless, parenting plans are not pleadings. *See, e.g.*, *Nevins v. Green*, 317 S.W.3d 691, 699-700 (Mo. App. W.D. 2010) (holding that "a parenting plan is not a pleading, motion, or the type of filing described" in Rule 55.03). Father was therefore free to submit amended parenting plans for the trial court's consideration, as he did in August 2017 and in October 2018. Both of Father's amended parenting plans were received in evidence without objection.

Mother also modified her proposed parenting plan demands during the pendency of the proceeding. Mother's counter-petition initially sought an award of sole legal and physical custody. Mother changed her position when she agreed with the trial court's temporary custody orders awarding joint legal and physical custody. Finally, Mother

8

submitted her own proposed parenting plan during the October 15, 2018 evidentiary hearing which varied from the September temporary custody order, as it sought parenting time consistent with Father's August 2017 parenting plan. The filing of amended parenting plans did not necessitate the filing of amended pleadings by either party. Both parties' pleadings consistently sought the relief afforded by the Judgment--a determination of paternity, child custody, child support and parenting time. The parties' varying positions on parenting time throughout the pendency of the proceedings did not alter the general relief sought by their respective pleadings.

We therefore reject Mother's argument that the refusal to award her child support in the amount of $400 a month yielded a Judgment that exceeded the scope of the pleadings. Mother relies on *Family Support Division, Child Support Enforcement v. North*, 444 S.W.3d 905 (Mo. App. W.D. 2014). *North* is unavailing.

In *North*, father sought a reduction in his court-ordered child support obligation based on a continuing and substantial changes in circumstances. *North*, 444 S.W.3d at 907, 912. Mother never filed a pleading seeking an increase in father's court-ordered child support obligation based on continuing and substantial changes in circumstances. *Id.* Yet, the trial court entered a judgment increasing father's child support obligation. *Id.* at 908. We reversed because the judgment exceeded the scope of the pleadings. *Id.* at 912. Modification of child support is governed by section 452.370, which provides that an existing child support order "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The burden of proof is on the parent seeking a modification in child support. *Goers v. Goers*,

9

499 S.W.3d 777, 780 (Mo. App. E.D. 2016).  A judgment modifying child support in a manner not formally sought by the party who benefits from the modification, and as to which that party would have had the burden of proof, like in *North,* is easily distinguishable from the circumstances in this case.

Here, the trial court awarded neither party child support.  "In calculating child support, the trial court is required to determine and find for the record the presumed child support amount (PCSA) pursuant to Rule 88.01, using Civil Procedure Form No. 14." *Hoffman v. Hoffman*, 423 S.W.3d 869, 876 (Mo. App. E.D. 2014).  Father's petition requested PCSA determined by "the Form 14 be found to be unjust and unreasonable and [Father] be ordered to pay child support in the amount of $400.00 per month."  Father's request was necessarily influenced, however, by the parenting time suggested in Father's initial proposed parenting plan.  Father's October 2018 parenting plan materially increased Father's proposed parenting time.  After adopting Father's October 2018 parenting plan, the trial court calculated a PCSA as required by Rule 88.01 and in accordance with Form 14, and determined the PCSA to be unjust and inappropriate, resulting in no award of child support to either party.[6]  Mother does not contend that the trial court erroneously calculated child support pursuant to Rule 88.01, using Form 14.  Her claim that the trial court had no authority to enter a child support award in an amount less than the amount urged in Father's pleading ignores the independent duty imposed on the trial court to calculate child support

[6]At trial, Father's proposed Form 14 calculated that Mother owed $175 per month in child support.  The Judgment found that pursuant to Rule 88.01, an award of child support in this amount to Father was "unjust and inappropriate, due in part to the medical conditions of [Mother] which have placed her on disability and limited income, and determines that neither party should pay child support to the other parent."

in the manner required by law, as supported by the evidence. *See Olson v. Olson*, 559 S.W.3d 395, 399-400 (Mo. App. S.D. 2018) (holding that trial court must follow two-step procedure to calculate child support by first adopting a party's proposed Form 14 or preparing its own, and then considering all relevant factors to determine if the PCSA is unjust and inappropriate).

Point Two is denied.[7]

## **Point Three**

Mother's third point asserts that the trial court erred "in adopting a parenting plan" based upon the GAL's recommendations because the GAL failed to properly discharge his duties. Specifically, Mother complains that the GAL failed to discharge his duties by (1) "not inform[ing] the court of the minor child's wishes;" and (2) "[by] not adducing evidence relevant to the child's educational program." [Appellant's Brief, p. 20] The specific GAL recommendation about which Mother complains is the GAL's recommendation that the child "probably does need to be with dad during the school year." [Appellant's Brief, p. 23]

Though framed as a claim of error involving whether the GAL discharged his duties, Mother's real complaint is that Father "never filed amended pleadings or a different

---

[7]In the argument portion of Mother's Brief, Mother complains that the trial court should have already entered a judgment after the August 17, 2017 hearing, and before Father's October 2, 2017 motion to re-open the evidence. Mother argues that had that occurred, Father would have been required to establish a change in circumstances after the August 17, 2017 hearing sufficient to warrant modifying the terms of Father's August 2017 parenting plan. Mother's argument exceeds the scope of her point relied on and preserves nothing for our review. *Spencer*, 500 S.W.3d at 889; Rule 84.04(d)(1). In any event, though the trial court *could* have entered a judgment after the August 17, 2017 hearing, and before Father's October 2, 2017 motion to re-open the evidence, it had not yet done so. Instead, the matter remained under advisement, and thus interlocutory, at the time father filed his motion to re-open the evidence. There is no authority for Mother's intimation that under these circumstances, the motion to re-open the evidence was required to be construed as a motion to modify the terms of a court ordered parenting plan.

11

parenting plan sufficient to put the other parties on notice that he was seeking a drastically different parenting schedule," and as a result, "the GAL offered no evidence in support of his recommendation." [Appellant's Brief, p. 23] We have already explained that Father had no obligation to file an amended petition in order to submit an amended parenting plan. We have also explained that Father's October 2018 parenting plan was admitted in evidence without objection.

We also note that in light of Father's October 2, 2017 motion to re-open the evidence, which was based in large part on Father's concerns involving the child's school attendance, and in light of Mother's acknowledgment that the parties thereafter participated in a failed mediation to resolve Father's concerns, it is disingenuous for Mother to claim "surprise" that Father was seeking expanded parenting time as compared to his August 2017 parenting plan. In fact, Mother filed her own proposed parenting plan in connection with the October 15, 2018 hearing--a plan that proposed adoption of Father's August 2017 parenting plan, suggesting Mother was well aware that Father no longer agreed with that proposed parenting plan.

Moreover, the Judgment reflects that the GAL provided a report to the trial court stating "his belief that it is in the best interests of the minor child to be placed in the joint legal and joint physical custody of the parents, as outlined in [Father's October 2018 parenting plan]." Mother has not included this report in the record on appeal. We thus cannot discern the extent of the GAL's investigation efforts in advance of the October 15, 2018 hearing. Rule 81.12(a) provides that "the record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be

12

presented, by either appellant or respondent, to the appellate court for decision." The omission of this report from the record on appeal must be construed against Mother. *See, e.g., Dawson v. Dawson*, 366 S.W.3d 107, 113 (Mo. App. W.D. 2012).

The Judgment further provides that the GAL, "[b]ased, in part, upon his concerns regarding the education of the minor child, . . . has recommended that the minor child reside primarily with [Father] during the school week, with regular parenting time with [Mother] on the weekends." It is unclear whether this concern was expressed in the GAL's written report. Regardless, the transcript establishes that at the conclusion of the October 15, 2018 hearing, the GAL made this recommendation after hearing all of the evidence, and after cross-examining Father and Mother. Mother offers no persuasive explanation for discrediting this foundation for the GAL's recommendation, and fails to identify any specific evidence that the GAL should have discovered. Mother also fails to persuasively explain her failure to submit into evidence any other information she believes would have been relevant to resolving the issue of parenting time in light of the concern involving the child's school attendance.

That includes evidence of the child's wishes. It is true that a GAL is required to "inform the court of the child's wishes and preferences even though different from the guardian ad litem's recommendations."[8] However, the trial court found in its Judgment that in assessing the best interests of the child, it did not consider the statutory factor set forth at section 452.375.2(8) regarding the wishes of the child, *as to the child's custody*, in

---

[8]Standard 13.0, *Standards with comments for Guardians ad Litem in Juvenile and Family Court Division Matters*, Appendix C of the Rules of Practice and Procedure in Juvenile and Family Court Divisions of the Circuit Court as approved for use on and after September 1, 2011.

part because of the child's age. Here, the overall custody arrangement was not contested, as both parties agreed that joint legal and physical custody should be awarded. Though the amount of parenting time each party should be awarded was contested, Mother offers no evidence to establish that the child had wishes on this subject, even presuming them to be relevant where the only "custody" issue in dispute is parenting time. *See Simon-Harris v. Harris*, 138 S.W.3d 170, 178 (Mo. App. W.D. 2004) ("Section 452.375.6 requires written [best interest] findings only when the parties do not agree on a custody arrangement or when the court rejects their custody arrangement, not when the parties cannot agree on a parenting plan or when the court rejects the parenting plan."); *Sanders v. Busch*, 123 S.W.3d 311, 314 (Mo. App. W.D. 2003) (holding that the wishes of a child are a relevant factor to be considered if "the child is of sufficient age to form and express an intelligent *custodial* preference") (citing *Babbitt v. Babbitt*, 15 S.W.3d 787, 789 (Mo. App. S.D. 2000) (emphasis added). Even had the child expressed wishes on the subject of parenting time that were contrary to the GAL's recommendations, Mother offers no plausible argument that would permit us to conclude that the trial court's decision to adopt Father's October 2018 parenting plan would have been different, particularly given the trial court's finding that the child's age supported not considering the child's wishes.

The trial court did not err in adopting Father's October 2018 a parenting plan consistent with the GAL's recommendation.

Point Three is denied.

14

## Conclusion

The trial court's Judgment is affirmed.[9]

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[9]While this appeal was pending, Mother and Father filed a joint motion asking us to remand this case based on an apparent agreement they have reached regarding parenting time, which they believe remains subject to the trial court's approval. The motion did not reflect any intent to dismiss Mother's appeal. We therefore denied the joint motion to remand. Having said that, our opinion should not be read to discourage the parties from continuing efforts to reach an agreed upon parenting plan for presentation to the trial court for its approval.